In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00199-CR
______________________________


CHRISTOPHER TYRONE MASON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 19179


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Christopher Tyrone Mason was indicted for attempted murder and aggravated
assault with a deadly weapon. A jury found him guilty of the aggravated assault charge. 
The trial court imposed punishment consistent with the jury's recommendation of thirty
years' imprisonment. Mason now appeals, complaining his trial counsel's failure to object
to certain testimony constituted ineffective assistance of counsel. Because we determine
trial counsel's performance did not fall below an objective standard of reasonableness, we
affirm Mason's conviction.
          The series of events leading to Mason's conviction began in Paris, Texas, when
Steven Hall, convicted felon and complainant in this case, left work April 25, 2002, and
went to a local apartment complex in search of someone who would sell him crack cocaine. 
He met with an acquaintance named Terry Mackey, who introduced Hall to Mason. Mason
used Hall's fifty dollars to buy crack cocaine for Hall. Hall consumed this supply of drugs
and returned to the apartment complex in search of more drugs. Hall testified his memory
became blurry at this point but, somehow, he managed to meet again with Mason and
Mason's girlfriend, Kamesha Gill. Hall persuaded Mason to find more drugs for him. 
          Mackey loaned Mason a car while the three (Hall, Mason, and Gill) drove around
town searching for more crack cocaine. Finally, the trio found a place to purchase more
cocaine. Hall's and Mason's respective versions of the events that followed are varied and
conflicting.
          Hall testified the three occupants smoked the recently purchased cocaine at several
secluded areas. After some time driving around, the two men got out of the car to urinate
on the side of the road. Hall testified he turned around after urinating, and Mason cut his
throat for no apparent reason. Mason then chased Hall down the road. Hall eluded Mason
by hiding in some bushes and then sought medical help from a nearby house. Hall
testified Mason's motivation in the attack was probably not robbery because Mason knew
that Hall had no money. 
          Mason testified that only Hall smoked the cocaine. According to Mason's version
of events, after the drug purchase, Hall asked to be dropped off on Fourth Street and, on
their way, smoked cocaine in the car despite Gill's several requests that he not. Mason
maintains that, because Hall insisted on smoking in the car, while the two of them were
outside the car urinating, he told Hall not to get back into the car. Angered by this, Hall
pulled something from his pocket and swung at Mason. Mason began to swing his knife
at Hall in self-defense. Hall suddenly started running, and Mason gave chase for a few
feet. Mason then got back into the car with Gill. He further testified that, since it was dark
outside, he was not aware he had cut Hall until the next day during the police interview. 
          At trial, the jury heard the testimony of investigating officer Tim Moree, Gill, Hall, and 
Mason. At several points in his testimony, Moree testified regarding out-of-court
statements by Hall and Gill. Trial counsel did not object to this testimony. On appeal,
Mason contends this failure was a violation of his constitutional right to reasonable
representation and, thus, seeks reversal of his conviction and remand to the trial court for
a new trial.
I.        Analysis
          A.       Standards for Ineffective Assistance of Counsel
          Federal and state constitutions guarantee the right to reasonably effective
assistance of counsel in a state criminal proceeding. McMann v. Richardson, 397 U.S.
759, 771 n.14 (1970); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). When
evaluating a claim of ineffective assistance of counsel, we employ the two-pronged test as
set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Hernandez v. State,
726 S.W.2d 53, 54–55 (Tex. Crim. App. 1986).
          Under the Strickland-Hernandez standard, first, we must determine whether
counsel's performance fell below an objective standard of reasonableness under prevailing
professional norms. Strickland, 466 U.S. at 687–88. In order to prevail on a claim of
ineffective assistance of counsel, any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Josey v. State, 97 S.W.3d
687, 696 (Tex. App.—Texarkana 2003, no pet.). Judicial review of a defendant's claim of
ineffective assistance must be highly deferential to trial counsel. Thompson, 9 S.W.3d at
813. We employ a strong presumption that counsel's conduct fell within the wide range
of reasonable professional assistance. Id.; Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). 
          Under the second prong of the Strickland-Hernandez test, on a finding of deficient
performance of trial counsel, we must assess whether there is a reasonable probability
that, but for the deficient performance, the outcome of the proceeding would have been
different. Strickland, 466 U.S. at 687. A reasonable probability is a probability sufficient
to undermine confidence in the outcome. Id. An appellant must prove both deficiency and
harm by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998). We will apply these standards to each instance of trial counsel's failure
to object to Moree's testimony.
          B.       The Rule Excluding Hearsay



          Mason relies on Rule 801 of the Texas Rules of Evidence, which defines hearsay
as a statement other than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Mason
contends that the officer's testimony qualified as hearsay and, as such, was inadmissible. 
Thus, he argues, he received ineffective assistance of counsel by trial counsel's failure to
object to this testimony.
          C.       Admissible Testimony: Present Sense Impression Exception
          After Hall was released from the hospital, Moree proceeded to investigate the
incident. As part of his investigation, Moree accompanied Hall to the location of the attack,
where Hall recounted the event. Moree testified that, while he and Hall were at the
location, Hall alerted him that Mason had just driven by them:
While we were discussing where he had ran [sic] to, a small white car
passed by and drove right beside us. The roadway is very narrow so he
drove right beside us and Mr. Hall made the statement that that's the same
guy in the car that had cut him and that he was in the night before.

          This portion of Moree's testimony falls squarely into the present sense impression
exception to the rule excluding hearsay. See Tex. R. Evid. 803(1). A statement regarding
the declarant's present sense impression, though it may fall within the definition of hearsay,
represents an exception to the rule excluding hearsay. Id. The rules define a present
sense impression as a "statement describing or explaining an event or condition made
while the declarant was perceiving the event or condition, or immediately thereafter." Id. 
The record shows that approximately thirty seconds to one minute after seeing the car
Mason was driving go by, while Moree and Hall still stood at the location, Hall made the
statement at issue identifying the person driving by as the man who had attacked him the
night before. 
          That being the case, Moree's testimony concerning Hall's statements is within the
present sense impression exception and, thus, is not inadmissible hearsay. Failure to
object to admissible evidence does not constitute ineffective assistance of counsel. Lee
v. State, 29 S.W.3d 570, 579–80 (Tex. App.—Dallas 2000, no pet.). Counsel's failure to
object to this admissible testimony did not fall below an objective standard of
reasonableness. See id.
          D.       Cumulative Testimony
          At trial, Moree also testified regarding what Hall said at the location of the crime:
I asked Steven to show me -- Mr. Hall to show me exactly where he was
standing at or what had taken place. I stopped my car in the same location
he said the suspect had stopped his car. They had gotten out to use the
bathroom on the side of the road. Both of them got out of the driver's side,
and the suspect cut his throat and he took off running.

Moree further testified regarding Hall's description of the interior of the vehicle driven by
Mason before the attack:
He said that he had left a pair of sunglasses inside the car by the console,
somewhere around the console area, a pair of gray sunglasses. There were
[sic] no door, inside door panels on the door, and that the front windshield
would be cracked.

          Moree testified as to Gill's out-of-court statements as well. Specifically, he testified
concerning what she stated she saw on the night in question: 
She did not see the cutting, no. All she saw was Hall running from the
vehicle down the roadway, with Mr. Mason chasing him. 

                     . . . .
 
That she saw Mr. Mason chasing Mr. Hall down the roadway while she was
still sitting in the vehicle.

          The admission of improper evidence does not constitute reversible error when the
same evidence is admitted through another without objection. See Anderson v. State, 717
S.W.2d 622, 627 (Tex. Crim. App. 1986); East v. State, 702 S.W.2d 606, 611 (Tex. Crim.
App. 1985). Even if evidence constitutes hearsay, the failure to object to its admission
does not support a claim of ineffective assistance of counsel, if the testimony is cumulative
in nature. See Darby v. State, 922 S.W.2d 614, 624 (Tex. App.—Fort Worth 1996, pet.
ref'd); Marlow v. State, 886 S.W.2d 314, 318 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref'd). 
          These portions of Moree's testimony, as well as the previously discussed testimony
concerning Hall's statement when Mason drove by, are cumulative of other admissible
evidence. Specifically, evidence similar to Moree's testimony regarding Gill's description
of the incident was later received through Gill's own testimony, a nonhearsay source. 
Additionally, Hall's testimony provided evidence consistent with Moree's testimony
concerning Hall's description of the vehicle's interior. The allegedly inadmissible evidence
was simply cumulative of admissible evidence and, as such, we are unable to conclude
that, had trial counsel objected, the outcome of the trial would have differed. See In re
AWT, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.).
          Since most of Moree's testimony at issue concerns statements which are merely
cumulative of other admissible evidence, trial counsel's failure to object to its admission,
regardless of whether it was hearsay, did not render his performance below an objective
standard of reasonableness.
II.       Conclusion
          Mason fails to prove by a preponderance of the evidence his trial counsel's
performance was deficient. Trial counsel's failure to object to admissible evidence and to
evidence properly admitted without objection does not support a claim of ineffective
assistance of counsel.


 
 

          We overrule Mason's sole point of error and affirm the judgment.



                                                                           Donald R. Ross
                                                                           Justice
 

Date Submitted:      June 10, 2004
Date Decided:         July 20, 2004

Do Not Publish