NO. 07-03-0430-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 23, 2004

_____

IN THE INTEREST OF H.L.H., A CHILD
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-517,784; HONORABLE KEVIN HART, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

_____**MEMORANDUM OPINION**

Billy Don Hayes appeals the trial court's order terminating the parent-child relationship between Hayes and his son, H.L.H.  We affirm.

Texas Department of Protective and Regulatory Services (TDPRS) initiated suit seeking termination of the parent-child relationship between Jodi Ward and three of her children, one of whom, H.L.H., was the child of appellant Billy Don Hayes.  The suit also sought to terminate the parent-child relationship between H.L.H. and Hayes.  After a non-jury trial, the trial court terminated the parent-child relationship between H.L.H. and both Ward and Hayes.

Appointed appellate counsel for Hayes filed a Motion to Withdraw and a brief in support thereof. In support of the Motion to Withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Id. at 744-45. See In re A.W.T., 61 S.W.3d 87, 88-89 (Tex.App.–Amarillo 2001, no pet.). Counsel thus concludes that the appeal is frivolous.

In concluding that the appeal is frivolous, counsel advances four possible issues. Those issues are whether (1) the trial court erred in denying a motion for continuance; (2) the trial court erred in denying a request for a jury trial; (3) assistance of trial counsel was ineffective; and (4) the evidence supporting the court's order was legally and factually sufficient. However, after referencing, analyzing and discussing the record of the trial, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978); In re A.W.T., 61 S.W.3d at 88-89.

Counsel has attached exhibits showing that a copy of the Anders brief and Motion to Withdraw have been forwarded to Hayes, and that counsel has appropriately advised Hayes of his right to review the record and file a response to counsel's motion and brief. Hayes has filed a response to counsel's motion and brief.

We have made an independent examination of the record to determine whether there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109

S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Stafford v. State</u>, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991); <u>In re A.W.T.</u>, 61 S.W.3d at 89. We have found no such grounds. We agree that the appeal is frivolous.

Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial court is affirmed.


Phil Johnson
Chief Justice