NO. 07-05-0229-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2005

______________________________

IN THE INTEREST OF B. L. L. AND R. W. L., CHILDREN

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF CHILDRESS COUNTY;

NO. 9135; HONORABLE PHIL VANDERPOOL, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

Tammy Lee White and Brian Love appeal from an order terminating their parent-child relationship between themselves and their children, B.L.L. and R.W.L. We affirm.

 The court-appointed attorney for White and Love has filed an 
Anders
 brief and a motion to withdraw.  
See
 
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   In his brief, counsel has certified that he has diligently reviewed the record and concluded that there are no meritorious grounds upon which to base an appeal.  
See
 
id
. at 744-45.  Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment.  
See
 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978); 
In re A.W.T.
, 61 S.W.3d 87, 88-89 (Tex.App–Amarillo 2001, no pet.).  

Additionally, counsel has certified that he has provided White and Love a copy of the 
Anders
 brief and motion to withdraw and appropriately advised them of their right to file a 
pro se
 response in this matter.  
Stafford v. State
, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The court also advised each appellant of their right to file a 
pro se
 response.  White filed a 
pro se 
response,
 
but
 
Love did not.  White’s 
pro se 
response was multifarious.  However, a fair reading  indicates that she is contending that (1) she was not provided effective assistance of counsel, and (2) the evidence was factually insufficient to support the termination.
 

In concluding that the appeal is frivolous, appellate counsel has identified two possible issues that might arguably support an appeal.  
Anders
, 386 U.S. at 744.  These are (1) the factual sufficiency of the evidence, and (2) ineffective assistance of counsel.  After referencing, analyzing and discussing the record of the trial, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court’s judgment.  
See
 
High
, 573 S.W.2d at 813; 
In re A.W.T.
, 61 S.W.3d at 88-89.  

We have conducted our own review of the record to determine if there are any arguable grounds for appeal. 
See
 
Penson v. Ohio
, 488 U.S. 75, 80, 109 S.Ct 346, 102 L.Ed.2d 300 (1988); 
In re A.W.T.
, 61 S.W.3d at 89.  As a result of our review we find no such grounds and agree that the appeal is frivolous.  

Accordingly, counsel’s motion to withdraw is granted and the judgment of the trial court is affirmed.

Mackey K. Hancock

         Justice