NO. 07-05-0229-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2005

_____

IN THE INTEREST OF B. L. L. AND R. W. L., CHILDREN
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 9135; HONORABLE PHIL VANDERPOOL, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Tammy Lee White and Brian Love appeal from an order terminating their parent-child relationship between themselves and their children, B.L.L. and R.W.L. We affirm.

The court-appointed attorney for White and Love has filed an Anders brief and a motion to withdraw. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, counsel has certified that he has diligently reviewed the record and concluded that there are no meritorious grounds upon which to base an appeal. See id. at 744-45. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d

807, 813 (Tex.Crim.App. 1978); In re A.W.T., 61 S.W.3d 87, 88-89 (Tex.App–Amarillo 2001, no pet.).

Additionally, counsel has certified that he has provided White and Love a copy of the Anders brief and motion to withdraw and appropriately advised them of their right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court also advised each appellant of their right to file a *pro se* response. White filed a *pro se* response, but Love did not. White's *pro se* response was multifarious. However, a fair reading indicates that she is contending that (1) she was not provided effective assistance of counsel, and (2) the evidence was factually insufficient to support the termination.

In concluding that the appeal is frivolous, appellate counsel has identified two possible issues that might arguably support an appeal. Anders, 386 U.S. at 744. These are (1) the factual sufficiency of the evidence, and (2) ineffective assistance of counsel. After referencing, analyzing and discussing the record of the trial, counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court's judgment. See High, 573 S.W.2d at 813; In re A.W.T., 61 S.W.3d at 88-89.

We have conducted our own review of the record to determine if there are any arguable grounds for appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct 346, 102 L.Ed.2d 300 (1988); In re A.W.T., 61 S.W.3d at 89. As a result of our review we find no such grounds and agree that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice