NO. 07-06-0313-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 20, 2006

_____

IN THE INTEREST OF H.N.W. AND H.M.W., CHILDREN
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 9220; HONORABLE PHIL VANDERPOOL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Dale and Laura Weatherington (Dale and Laura) appeal from an order terminating their parental rights to H.M.W. and H.N.W. We affirm.

Counsel was appointed to represent Dale and Laura on appeal. Subsequently, appointed counsel filed an Anders[1] brief and a motion to withdraw. In his Anders brief, counsel certified to the court that he had made a diligent search of the entire record and had concluded that there is no reversible error upon which an appeal can be predicated. Counsel discussed several possible issues on appeal and why each was, in his opinion,

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

without merit. Counsel also certified that he had informed his clients of his conclusion and of their right, individually, to review the record and file a *pro se* response to the brief and motion. This court has also contacted Dale and Laura, in writing, informing them of their counsel's brief and motion and of their rights to individually respond thereto, after reviewing the record. Dale has responded alleging several areas of error. Laura has not responded.

At the outset we note that this court has previously held that an appellate counsel may file an Anders brief in a proceeding where a party's parental rights have been terminated. In re AWT, 61 S.W.3d 87, 88 (Tex.App.–Amarillo 2001, no pet.).

As previously stated, counsel detailed in his brief the possible issues for appeal. Further, counsel provided citations to controlling authorities and analysis explaining why each possible issue was without merit. High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Upon conducting our independent review of the record, we are convinced that appellate counsel is correct in his determination that all identifiable grounds for appeal are without merit. As in a criminal case, our review of the record included a search for independent grounds for appeal not otherwise identified or discussed by counsel. Penson v. Ohio, 488 U.S. 75, 80 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824, 827 (Tex.Crim.App. 2005). We have found none. Finally, we have reviewed the possible grounds raised by Dale in his response to the Anders brief. None of the grounds raised have any arguable basis for appeal.

Accordingly, counsel's motion to withdraw is hereby granted and the trial court's judgment is affirmed.


Mackey K. Hancock
Justice