NO. 07-09-0108-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 29, 2009

_____

IN THE INTEREST OF D.A.C.,

A Child

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 12,093; HON. STEVEN RAY EMMERT, PRESIDING
_____

***Abatement and Remand***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jennifer Carpenter, appeals from the termination of her parental rights to her minor child, D.A.C.  Her appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he "finds no error in the record and urges this Court allow him to withdraw as Appellant's attorney."[2]  On June 22, 2009, counsel for the Texas Department of Family and Protective Services filed a response to the *Anders* brief

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967).

[2]This court has held that appointed counsel may file an *Anders* brief in an appeal from an order terminating parental rights.  *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.–Amarillo 2001, no pet.).

contending, among other things, that appellant's counsel failed to address the nine issues for appeal raised in appellant's statement of points on appeal.

We, too, find the brief to be deficient not only by failing to follow the procedural requirements pursuant to *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967), but by failing to address the issues raised by appellant in her statement of points. While we make no comment upon their ultimate merit, they nonetheless pose arguable issues for appellate review. Thus, we do not accept appellate counsel's representation concerning the merits of the appeal.

Counsel's representation also poses another problem. In his uttering, via a public record, that the appeal was meritless, one can reasonably question whether a conflict of interest has arisen between counsel and client. So too could it be reasonably questioned whether by making the statement, Carpenter's current attorney can zealously represent her if allowed to remain her attorney of record.

Accordingly, we abate the appeal and remand the cause to the 31st District Court of Wheeler County, Texas. Upon remand, the trial court shall remove appellant's current attorney and appoint another to represent her in this appeal. The trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned arguable grounds, and all other grounds that might support reversal or modification of the judgment. Should new counsel determine, after a thorough review of the appellate record, that the appeal is indeed frivolous, he may opt to file an *Anders* brief; however, he must comport with the requirements specified in *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *In*

*re J.B.,* __ S.W.3d ___, 2009 WL 283197 (Tex. App.–El Paso February 5, 2009, no pet. h.) before doing so.

The deadline for filing an appellant's brief with the clerk of this appellate court is extended to August 10, 2009, unless further extended by this court. Any responding brief which the Department may care to submit shall be filed within 30 days thereafter. Finally, the trial court is further directed to inform this court, in writing, of the name, address, and state bar number of Carpenter's newly appointed counsel by July 10, 2009.

It is so ordered.


Per Curiam