NO. 07-10-00184-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



JULY
15, 2010

 



 

IN THE INTEREST OF D.S. AND N.S., CHILDREN



 



 

 FROM THE 106TH DISTRICT COURT OF GARZA
COUNTY;

 

NO. 05-11-06063-CV; HONORABLE KEVIN C. HART, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER OF ABATEMENT AND REMAND

 

The trial court terminated the
parental rights of appellant, the father, to his children D.S. and N.S.  The order of termination rests on findings by
clear and convincing evidence of five predicate acts and that termination of
the parent child-relationship is in the best interest of D.S. and N.S.[1]  Appellant filed a statement of intended
appellate points[2]
that included assertions that insufficient evidence supported two of the
predicate grounds for termination and insufficient evidence supported the
finding that termination was in the best interest of the children.  Following a post-trial hearing, the trial
court found appellant’s intended appellate points were not frivolous.  It also appointed appellant’s trial counsel
to represent him on appeal.  A notice of
appeal was timely filed.

            Before
us is a motion by appellant’s counsel to withdraw from appellate representation.  A brief, which counsel refers to in the
motion as an “Anders-style” brief,[3]
was also filed.  The brief contains
counsel’s certification that in his opinion the appeal does not present
reversible error and is without merit and frivolous.  At the heart of the brief is an analysis of
two issues labeled “potential issues.” 
The first issue begins with a statement that the evidence was legally
and factually insufficient to support the judgment of termination.  Counsel cites five predicate acts on which
the trial court based its order of termination and then argues appellant “does
not believe the record supports these findings and would move this Court to
overturn the Trial Court’s decision.” 
Through two sub-issues that follow, counsel details the evidence and
cites authorities to support his conclusion that insufficient evidence supports
the trial court’s judgment.  In the
second issue, counsel discusses the trial court’s determination that
termination of the parent-child relationship was in the best interest of the
children.  Here, counsel points to record
evidence of his positive acts to conclude appellant “will be ready to resume
his parental [role] in the near future” and each act supports the “strong presumption
that the best interest of the child(ren) would be served by preserving the parent-child
relationship.”  Counsel’s brief
concludes, however, with a prayer requesting withdrawal from representation.

            The
sole purpose of an Anders brief is to
explain and support the attorney’s motion to withdraw.  In re Schulman, 252 S.W.3d 403, 404 (Tex.Crim.App.
2008).  Specifically, the Anders brief provides assurance to the
appellate court that counsel has thoroughly and conscientiously examined the
record and the applicable law, and has provided the court with the appropriate
facts, procedural history, and “any potentially plausible points of error.” Id. at 407.  The brief also, however, must express and
explain counsel’s conclusion “there is no plausible basis for appeal.”  Id.

Here, counsel’s brief does not
support his motion to withdraw.  Rather,
it materially contradicts the basis of the motion by arguing and concluding the
evidence was insufficient and termination of the parent-child relationship was
not in the best interest of the children. 
While it might be said counsel’s purpose was to discuss arguable issues,
the brief does not demonstrate the issues it raises are frivolous but advances
an argument of reversible error.  The
argument counsel advances is that of a brief on the merits of the appeal.  This is not an Anders brief.

            Accordingly,
we grant counsel’s motion to withdraw, abate this proceeding, and remand the
case to the trial court for appointment of new appellate counsel.  We direct the trial court to appoint new
counsel to represent appellant on appeal. The trial court shall furnish the
name, address, telephone number, and state bar number of new counsel by its
order appointing new counsel.  The order
shall be included in a supplemental clerk’s record, which shall be filed with
the clerk of this court by August 6, 2010. 
Should the trial court require additional time to comply with this
order, it shall so request before August 6, 2010.  Appellant’s brief shall be due twenty days
from the date of the trial court’s appointment of new counsel.  All other appellate deadlines shall be in
accordance with the Texas Rules of Appellate Procedure for accelerated appeals.  By this order, we express no opinion on the
merit of any issues or potential issues the record may present.  

It is so ordered.

Per Curiam

 

 

            








 











[1]  See Tex. Fam. Code Ann. § 161.001(1),(2) (Vernon Supp. 2009).

 





[2] See Tex.
Fam. Code Ann. § 263.405(b) (Vernon 2008) (requiring one appealing termination
of parental rights initiated by Department of Family and Protective Services to
file statement of appellate points).

 





[3]
See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
Courts, including this court, have found the procedures set forth in Anders
v. California applicable to appeals of orders terminating parental rights. In re A.W.T., 61 S.W.3d 87, 88 (Tex.App.--Amarillo 2001, no pet.); see Taylor v. Texas Dep't of Protective & Regulatory Servs., 160 S.W.3d 641, 646-47 (Tex.App.-Austin 2005, pet. denied) (collecting cases).