NO. 07-00-0264-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 20, 2001,
_____

IN THE INTEREST OF AWT, MGT, AND JKT

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 14,686; HON. KELLY G. MOORE, PRESIDING
_____

Before BOYD, C.J., QUINN, AND REAVIS, J.J.

Jerry Wayne Todd appeals from an order terminating the parental relationship between himself and his children AWT, MGT and JKT. The trial court appointed Todd counsel to represent him on appeal. Thereafter, his appointed counsel filed an *Anders*[1] brief and motion to withdraw.[2] In the brief, appellate counsel certified that he 1) diligently reviewed the appellate record and 2) concluded the appeal was meritless. So too did counsel state that he informed his client, Todd, of his conclusion and of Todd's right to review the record and file a pro se response to the brief and motion. This court also contacted Todd, in writing, to inform him of counsel's motion and brief and of Todd's right

_____

[1]*Anders v. California*, 386 U.S.738, 87 S. Ct.1396, 18 L. Ed. 2d 493 (1967).

[2]The trial court appointed appellant counsel to represent Todd via the directives contained in the Texas Family Code. TEX. FAM. CODE ANN. § 107.013 (Vernon 1996) (stating that an indigent is entitled to appointed counsel in proceedings to terminate the parental relationship).

to respond thereto after reviewing the record. Todd so responded, contending that his trial counsel denied him effective assistance. For the reasons which follow, we affirm the judgment.

*Anders*

We initially address whether appellate counsel may file an *Anders* brief in a civil proceeding. Historically, the use of such briefs have been limited to appeals arising from criminal convictions. In permitting appellate counsel to file an *Anders* brief, the Supreme Court recognized that counsel, though appointed to represent the appellant, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 . Thus, he was afforded the opportunity to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.*

The rationale underlying *Anders* is no less applicable to a civil matter in which counsel has been appointed to represent the appellant. Counsel remains obligated to zealously pursue the rights and interests of his client. Yet, that obligation does not include the task of arguing the frivolous. Indeed, to press a frivolous appeal would be to violate not only rules of discipline applicable to attorneys, *see* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. App. A. (Vernon Supp. 1998)(Tex. STATE BAR R. art. X, §9)(stating that a lawyer shall not bring or defend a frivolous proceeding or assert a frivolous issue), but also the rules of appellate procedure. *See* TEX. R. APP. P. 45 (permitting the court to assess damages if an appeal is found to be frivolous). To strike a balance between these competing duties, we see no reason why the procedure utilized in *Anders v. California* and its progeny should not be available to

2

appointed counsel faced with the prospect of conducting a meritless appeal, irrespective of whether the appeal involves a criminal or civil matter.

*Application of Anders*

As previously mentioned, counsel was appointed to represent Todd on appeal and ultimately filed an *Anders* brief and motion to withdraw. In doing so, he told to the court and his client not only that he diligently reviewed the record and applicable authorities but also concluded that there existed no reversible error. So too did he explain why the issues his research disclosed as potentially viable were not. Moreover, Todd was afforded opportunity to respond to the brief and motion and actually filed two responses.

Next, as we are obligated to do when the proceeding is criminal, we conducted our own independent review of the record to discover arguable grounds of appeal. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon conducting that review, we determined that Todd 1) had notice of the grounds proffered for terminating his parental rights and 2) had opportunity to defend against those grounds through the use of counsel, the presentation of evidence, and the cross-examination of adverse witnesses. Furthermore, the evidence presented at the trial legally and factually supported the jury's finding that Todd engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children. So too did the record contain evidence upon which the jury could clearly and convincingly determine that termination of Todd's parental rights was in the best interest of the children. Moreover, with regard to the arguable grounds raised and then negated by appellate

3

counsel, we agree that they were either waived or cured due to the failure to object or the admission of admissible evidence.

Finally, as to Todd's *ex parte* contention that his trial counsel was ineffective, we hold that the allegation does not merit reversal for several reasons.[3]  First, save for the allegations regarding counsel's failure to object, none of the supposed misconduct appears of record.  Rather, it involves representations allegedly made to Todd outside of trial and the appellate record.  This is fatal to these contentions.  *See Tong v. State,* 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) (stating that the supposed ineffectiveness must be established by the record before the reviewing court).

Second, with regard to the allegation that counsel failed to object to inadmissible hearsay, the very same evidence (*i.e.* evidence regarding the abuse inflicted by the mother's boyfriend upon the children) was later proffered by and received through non-hearsay sources.  Thus, the alleged inadmissible evidence was simply cumulative of admissible evidence and, as such, we are unable to conclude that had counsel objected, the outcome of the trial would have differed.  *Id.* at 712 (requiring one who claims ineffectiveness to show prejudice).  Nor can we conclude that failing to object to the evidence regarding Todd's criminal conduct established deficient performance. Authority holds that intentional criminal activity which exposed the parent to incarceration is relevant

---

[3] We assume, without deciding, that claims of ineffective assistance may be raised *viz-a-viz* the action of an attorney appointed to represent one undergoing the termination of his parental rights.  *In re J.M.S.*, 43 S.W.3d 60, 63 (Tex. App.–Houston [1st Dist.] 2001, no pet. hist.) (holding that an appellant can assert such a claim); *but see*, *In re B.B.*, 971 S.W.2d 160, 172 (Tex. App.–Beaumont 1998, pet. denied) (and cases cited therein holding to the contrary).  Indeed, logic suggests that if statute entitles an indigent to counsel and the counsel appointed to represent him was less than reasonably competent, then the indigent for all practical purposes did not receive the entitlement granted him by statute.

4

evidence tending to establish a course of conduct endangering the emotional and physical well being of the child. *Allred v. Harris County Child Welfare Unit*, 615 S.W.2d 803, 806 (Tex. App.–Houston [1st Dist.] 1980,writ ref'd n.r.e.) (wherein evidence of the father's commission of numerous robberies was admitted). Thus, the evidence regarding appellant's recent history of criminal behavior (a history to which he generally admitted) was admissible, and, it being admissible, counsel was not obligated to object to it to avoid claims of ineffective assistance. *Tong v. State*, 25 S.W.3d at 714 (counsel's actions fell within the wide range of reasonably professional assistance). Consequently, we find that Todd's allegations of ineffectiveness are unfounded.

Having found no arguable merit to the appeal, we affirm the order terminating Todd's parental rights.

Per Curiam

Publish.