In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-388 CV


____________________



IN THE INTEREST OF H.D.H. and C.M.H.






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. PC02973






MEMORANDUM OPINION


 This case involves the termination of the parental rights of Christopher Horton and
Sadonia Massey to their children, H.D.H. and C.M.H. A jury found the rights of both
should be terminated. The trial court entered an order of termination from which Horton
brings this appeal. Massey does not appeal. 

 Horton raises two issues. First, he contends the evidence is insufficient to support
the trial court's findings that he:

 7.2.1. knowingly placed or knowingly allowed the child(ren)
to remain in conditions or surroundings which endanger
the physical or emotional well-being of the child(ren);


 7.2.2. engaged in conduct or knowingly placed the child(ren)
with persons who engaged in conduct which endangers
the physical or emotional well-being of the child(ren).


See Tex. Fam. Code Ann. §§ 161.001(1)(D), (E) (Vernon 2002). Horton further
challenges the sufficiency of the evidence to support the trial court's finding that
termination is in the children's best interest. See Tex. Fam. Code Ann. §§ 161.001(2)
(Vernon 2002). 

 A court may order involuntary termination if the court finds (1) a parent has
committed one of a statutory list of acts or omissions, and (2) termination is in the best
interest of the child. See Tex. Fam. Code Ann. § 161.001 (Vernon 2002). The trial
court's findings must be based on clear and convincing evidence. Id.; In re B.L.D., 113
S.W.3d 340, 353-54 (Tex. 2003), cert. denied, ___ U.S. ___, 124 S.Ct. 1674, 158
L.Ed.2d 371 (2004). We must determine whether the evidence is such that a factfinder
could reasonably form a firm belief or conviction about the truth of the matter on which
the State bears the burden of proof. See In re J.F.C., 96 S.W.3d 256, 265-66 (Tex.
2002); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).

 When reviewing the legal sufficiency of the evidence, an appellate court looks at
the evidence in the light most favorable to the finding. In re J.F.C., 96 S.W.3d at 266. 
In the "clear and convincing" context, this means we must assume that the factfinder
resolved disputed facts in favor of the finding, if a reasonable factfinder could do so. Id. 
We must disregard all evidence that a reasonable factfinder could have disbelieved or
found incredible, but undisputed facts cannot be disregarded. Id.

 When reviewing the factual sufficiency of the evidence, we must give due
consideration to any evidence the factfinder could reasonably have found to be clear and
convincing. Id. The evidence is factually insufficient if, "in light of the entire record, the
disputed evidence that a reasonable factfinder could not have credited in favor of the
finding is so significant that a factfinder could not reasonably have formed a firm belief
or conviction." Id.

 Horton argues the testimony established he was not aware of the conditions that
existed in Massey's home. However, Horton fails to address the evidence regarding his
own conduct. Both H.D.H. and C.M.H. claim to have been sexually abused by Horton. 
There is evidence in the record that Horton has used force and threats on the family, and
both girls have expressed fear after visiting their father. C.M.H. has said Horton hurt her. 
Horton does not refer this court to any evidence to the contrary. Accordingly, we find the
evidence is such that a factfinder could reasonably form a firm conviction that Horton
engaged in conduct which endangered the physical or emotional well-being of the children.

 Horton also contends the evidence is insufficient to support the trial court's
determination that termination is in the best interests of the children. 

 An extended number of factors have been considered by the courts in
ascertaining the best interest of the child. Included among these are the
following: (A) the desires of the child; (B) the emotional and physical needs
of the child now and in the future; (C) the emotional and physical danger to
the child now and in the future; (D) the parental abilities of the individuals
seeking custody; (E) the programs available to assist these individuals to
promote the best interest of the child; (F) the plans for the child by these
individuals or by the agency seeking custody; (G) the stability of the home
or proposed placement; (H) the acts or omissions of the parent which may
indicate that the existing parent-child relationship is not a proper one; and (I)
any excuse for the acts or omissions of the parent. This listing is by no
means exhaustive, but does indicate a number of considerations which either
have been or would appear to be pertinent.


Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976) (footnotes omitted). In addressing
these factors, Horton again ignores the evidence of his own conduct. That evidence, along
with the testimony of Jose Suarez, the TDPRS caseworker; Lou Liles, the TDPRS
Supervisor; Stephanie Miller, a therapist; Carol Lindstrum, a licensed counselor; Amanda
Moore, the second foster mother; and Jim Camp, the guardian ad litem; reveals only
evidence indicating termination is in the best interest of the children. Horton points to no
evidence that termination of the parent-child relationship is not in the best interest of either
H.D.H. or C.M.H. Issue one is overruled.

 In his second issue, Horton claims he was denied effective assistance of counsel.
See In re M.S., 115 S.W.3d 534, 544 (Tex. 2003). Horton claims counsel failed to
challenge hearsay testimony. Horton's brief does not provide record references to the
complained-of testimony or cite any authority as to its admissibility. See Tex. R. App. P.
38.1(h). Horton further complains counsel failed to do a bill of exception to preserve his
mother's testimony. Horton's mother was prevented from testifying in court after a
determination that the Rule was violated. See Tex. R. Civ. P. 267. Horton makes no
argument that the trial court erred in excluding the testimony and cites no authority for
such a claim. Counsel's failure to make a bill of review cannot sustain a finding of
ineffectiveness absent a showing the evidence was, in fact, admissible. See In the Interest
of A.W.T., 61 S.W.3d 87, 89-90 (Tex. App.--Amarillo 2001, no pet.). Next, Horton
claims counsel failed to conduct any discovery. Horton does not refer this court to any
place in the record supporting that claim. We therefore find Horton has not overcome the
strong presumption that counsel's conduct fell within the wide range of reasonable
professional assistance. See In re M.S., 115 S.W.3d at 549. Issue two is overruled.

 The judgment of the trial court is AFFIRMED.



 ___________________________

 DON BURGESS

 Justice


Submitted on October 1, 2004

Opinion Delivered December 30, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.