MEMORANDUM OPINION


No. 04-03-00583-CR

Paul ACOSTA,
Appellant

v.

The STATE of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CR-3229
Honorable Pat Priest, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   February 23, 2005

AFFIRMED
            Paul Acosta appeals his conviction of aggravated sexual assault of a child. Acosta contends
that he received ineffective assistance of counsel because: (1) his attorney had a conflict of interest
in attempting to aid Acosta’s wife and, as a result, introduced evidence that proved the State’s case;
and (2) his attorney failed to object to inadmissible hearsay testimony. We affirm the trial court’s
judgment.
Background
            Margaret Acosta returned home from work to discover the complainant, the seven-year-old
daughter of Margaret and Acosta, sleeping nude in the bed Margaret shared with Acosta. Prior to
trial, defense counsel was successful in obtaining a ruling that prohibited outcry testimony from
anyone other than Margaret.


 Accordingly, an audiotape recording and written summary of
statements made by the complainant to a child protective services worker and statements made by
the complainant to a police officer were ruled to be inadmissible. During trial, however, defense
counsel introduced the audiotape recording and written summary of the statements made by the
complainant to the child protective services worker. In addition, defense counsel failed to object to
testimony by a nurse and a police officer regarding statements the complainant made to them. 
Acosta filed a motion for new trial asserting ineffective assistance of counsel to which he attached
his trial counsel’s affidavit.
            In his affidavit, Joe Stenberg stated that Margaret phoned him and was crying. Margaret told
Stenberg that Lou Ann Podraza, a case worker with child protective services, told her that if she did
not voluntarily agree to place her children with her mother that they would be removed and placed
in foster care. Stenberg informed Margaret that he did not represent her. Margaret told Stenberg that
she was without resources to contest the child protective services’ actions. Margaret had extensively
assisted Stenberg in the preparation of Acosta’s case. Prior to trial, Margaret informed Stenberg that
child protective services would not permit Acosta to live with the complainant even if a jury found
him not guilty. Stenberg stated that “at the last moment” he decided to introduce the statements
made by the complainant to the child protective services worker to discredit the worker’s
investigation by showing that the worker’s written summary did not comport with the audiotaped
interview. Stenberg decided to introduce the evidence in an effort to help Margaret with her child
protective services case. Stenberg further stated that the “same errors ... encompassed the admission
of the complainant’s statements to San Antonio police officer Tina Baron.”
            At the hearing on the motion for new trial, Stenberg’s testimony was consistent with his
affidavit. The trial court denied the motion for new trial, and Acosta timely perfected this appeal.
Discussion
            To prevail on a claim for ineffective assistance of counsel based on attorney error, a
defendant must show by a preponderance of the evidence that counsel’s performance was deficient,
i.e., that his assistance fell below an objective standard of reasonableness. Strickland v. Washington,
466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). In
addition, the defendant must show a reasonable probability that, but for counsel’s unprofessional
errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687;
Thompson, 9 S.W.3d at 812-13.
            A conflict of interest arises when counsel must choose between advancing his client’s
interests or advancing other interests to the detriment or disadvantage of his client. Monreal v. State,
947 S.W.2d 559, 564 (Tex. Crim. App. 1997); Pina v. State, 29 S.W.3d 315, 317-18 (Tex. App.—El
Paso 2000, pet. ref’d); Nethery v. State, 29 S.W.3d 178, 188 (Tex. App.—Dallas 2000, pet. ref’d). 
If a defendant claims ineffective assistance based on a conflict of interest in the context of the joint
representation of codefendants in one criminal proceeding, a lesser burden of proof is imposed than
when the ineffective assistance of counsel claim is based on attorney error. Monreal v. State, 923
S.W.2d 61, 64 (Tex. App.—San Antonio 1996), aff’d, 947 S.W.2d 559 (Tex. Crim. App. 1997). In
that context, the defendant is only required to show that his counsel actively represented conflicting
interests and that the conflict of interest actually affected the adequacy of his representation; the law
then imposes an automatic presumption of prejudice. Id. at 64-65. Where the conflict of interest,
however, involves the advancement of interests other than a jointly represented codefendant (such
as counsel’s self-interest), no presumption of prejudice arises, and the defendant must prove
prejudice by showing a reasonable probability that, but for counsel’s unprofessional errors, the result
of the proceedings would have been different. Id.
            With regard to trial counsel’s failure to object on hearsay grounds to the statements made by
the complainant to the nurse, counsel was not ineffective because those statements were admissible
under an exception to the hearsay rule for statements made for purposes of medical diagnosis. See
Tex. R. Evid. 803(4). With regard to the testimony of the police officer, Margaret previously
testified that the complainant told the police officers that Acosta “had put his private in her vagina.” 
Therefore, the police officer’s testimony was cumulative of the same evidence offered through non-hearsay sources, and no prejudice has been shown. See In re AWT, 61 S.W.3d 87, 89 (Tex.
App.—Amarillo 2001, no pet.); Darby v. State, 922 S.W.2d 614, 624 (Tex. App.—Fort Worth 1996,
pet. ref’d); Marlow v. State, 886 S.W.2d 314, 318 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).
            With regard to trial counsel’s introduction of the statements obtained by the child protective
services worker, we will assume that this situation presents a conflict of interest even though
Stenberg did not represent Margaret in a professional capacity. Because the conflict of interest does
not arise in the context of a jointly represented codefendant, Acosta must prove prejudice. Monreal,
923 S.W.2d at 65. The statements made to the child protective services worker were cumulative of
Margaret’s testimony that the complainant had told the child protective services worker that Acosta
“had put his private in her vagina” and of the testimony of the nurse and the medical records
containing the complainant’s statements that Acosta “put his private into [the child’s] private,” and
“put his private in [the child’s] behind.” Therefore, the record does not show that Acosta was
prejudiced by the introduction of the statements. See In re AWT, 61 S.W.3d at 89; Darby v. State,
922 S.W.2d at 624; Marlow v. State, 886 S.W.2d at 318. 
            The fact that the jury requested a recorder to listen to the audiotape does not change our
analysis. We cannot determine from the jury’s request that it gave the audiotape more weight. The
jury simply could have been reviewing all of the evidence for a second time. Furthermore, although
the State referred to the audiotape in closing argument, the State also referred to each of the
witnesses’ testimony as supporting a conviction. Based on the record as a whole, we cannot
conclude that but for the introduction of the audiotape recording and written summary of the
statements made to the child protective services worker, the result of the proceeding would have
been different.
Conclusion
            The trial court’s judgment is affirmed.
Alma L. López, Chief Justice

DO NOT PUBLISH