NO. 07-10-00184-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2010

---

IN THE INTEREST OF D.S. AND N.S., CHILDREN

---

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 05-11-06063-CV; HONORABLE KEVIN C. HART, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

The trial court terminated the parental rights of appellant, the father, to his children D.S. and N.S. The order of termination rests on findings by clear and convincing evidence of five predicate acts and that termination of the parent child-relationship is in the best interest of D.S. and N.S.[1] Appellant filed a statement of intended appellate points[2] that included assertions that insufficient evidence supported two of the predicate grounds for termination and insufficient evidence supported the finding that termination was in the best interest of the children. Following a post-trial

---

[1] *See* Tex. Fam. Code Ann. § 161.001(1),(2) (Vernon Supp. 2009).

[2] *See* Tex. Fam. Code Ann. § 263.405(b) (Vernon 2008) (requiring one appealing termination of parental rights initiated by Department of Family and Protective Services to file statement of appellate points).

hearing, the trial court found appellant's intended appellate points were not frivolous. It also appointed appellant's trial counsel to represent him on appeal. A notice of appeal was timely filed.

Before us is a motion by appellant's counsel to withdraw from appellate representation. A brief, which counsel refers to in the motion as an "*Anders*-style" brief,[3] was also filed. The brief contains counsel's certification that in his opinion the appeal does not present reversible error and is without merit and frivolous. At the heart of the brief is an analysis of two issues labeled "potential issues." The first issue begins with a statement that the evidence was legally and factually insufficient to support the judgment of termination. Counsel cites five predicate acts on which the trial court based its order of termination and then argues appellant "does not believe the record supports these findings and would move this Court to overturn the Trial Court's decision." Through two sub-issues that follow, counsel details the evidence and cites authorities to support his conclusion that insufficient evidence supports the trial court's judgment. In the second issue, counsel discusses the trial court's determination that termination of the parent-child relationship was in the best interest of the children. Here, counsel points to record evidence of his positive acts to conclude appellant "will be ready to

---

[3] *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Courts, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.--Amarillo 2001, no pet.); *see Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-47 (Tex.App.-Austin 2005, pet. denied) (collecting cases).

2

resume his parental [role] in the near future" and each act supports the "strong presumption that the best interest of the child(ren) would be served by preserving the parent-child relationship." Counsel's brief concludes, however, with a prayer requesting withdrawal from representation.

The sole purpose of an *Anders* brief is to explain and support the attorney's motion to withdraw. *In re Schulman,* 252 S.W.3d 403, 404 (Tex.Crim.App. 2008). Specifically, the *Anders* brief provides assurance to the appellate court that counsel has thoroughly and conscientiously examined the record and the applicable law, and has provided the court with the appropriate facts, procedural history, and "any potentially plausible points of error." *Id.* at 407. The brief also, however, must express and explain counsel's conclusion "there is no plausible basis for appeal." *Id.*

Here, counsel's brief does not support his motion to withdraw. Rather, it materially contradicts the basis of the motion by arguing and concluding the evidence was insufficient and termination of the parent-child relationship was not in the best interest of the children. While it might be said counsel's purpose was to discuss arguable issues, the brief does not demonstrate the issues it raises are frivolous but advances an argument of reversible error. The argument counsel advances is that of a brief on the merits of the appeal. This is not an *Anders* brief.

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the case to the trial court for appointment of new appellate counsel. We direct the trial court to appoint new counsel to represent appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new

counsel by its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court by August 6, 2010. Should the trial court require additional time to comply with this order, it shall so request before August 6, 2010. Appellant's brief shall be due twenty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure for accelerated appeals. By this order, we express no opinion on the merit of any issues or potential issues the record may present.

It is so ordered.

Per Curiam