# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-12-00701-CV**
**NO. 03-12-00765-CV**

---

**R. I., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT**
**NOS. C-11-0016-CPS & C-11-0016-CPS-1**
**HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

These are appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967). In trial court cause number C-11-0016-CPS, the Texas Department of Family and Protective Services (the Department) sought to terminate the parental rights of appellant R.I. to her minor child, M.O. In trial court cause number C-11-0016-CPS-1, the Department similarly sought to terminate the parental rights of R.I. to her other minor children, R.A.M.M. and J.S.M. The causes were consolidated for trial. However, prior to the final hearing, the parties entered into an agreement in which the Department abandoned its grounds for termination, and all other issues were resolved, except for the amount of child support that R.I. was obligated to pay and the details regarding R.I.'s visitation rights to R.A.M.M. and J.S.M. The district court held a hearing to determine those remaining issues.

At the hearing, the district court heard evidence tending to show that R.I. cared for and loved her children but had a history of erratic behavior and relationships with abusive men,

including one relationship with a man who had an extensive criminal history, was a member of the Aryan Brotherhood, and had his own parental rights terminated. Although R.I. claimed in her testimony that she and this man were only "friends," the evidence tended to show that she had recently bonded him out of jail and that he had listed her residence as his mailing address. Additionally, several witnesses and people involved in the case testified that R.I. had been "stalking" them and that they had felt threatened by R.I.'s behavior. R.I. denied that she had "stalked" anyone.

The district court also heard evidence concerning R.I.'s income and financial resources. R.I. testified that she was currently unemployed but had worked as a Certified Nursing Assistant for approximately fifteen years, from 1997 through 2012. In 2011 and 2012, R.I. had worked at various jobs that had paid her approximately $11.00 per hour, $1,881.00 per month, $700.00 every two weeks, and $950.00 every two weeks. However, none of these jobs had lasted for more than a few months. R.I. testified that she was looking for work but that her efforts thus far had been unsuccessful. Robert Walker, a caseworker for the Department who had worked extensively with R.I., testified that in his opinion, there was no reason why R.I. would not be able to obtain a full-time job making minimum wage.

At the conclusion of the hearing, the district court approved the parties' agreement and ordered that R.I. have supervised visitation with R.A.M.M. and J.S.M. on the second and fourth Saturday of each month, at a supervised visitation center in Midland, Texas, and telephone visitation with the children on Wednesday of each week beginning at 7:00 p.m., with the calls not to exceed thirty minutes in duration.

Regarding child support, the district court ordered that R.I. pay child support for M.O. in the amount of $125.00 for the month of November 2012, $150.00 for the month of December 2012, and $188.00 per month beginning in January 2013. The district court further

ordered that R.I. pay child support for R.A.M.M. and J.S.M. in the amount of $125.00 for the month of November 2012, $150.00 for the month of December 2012, $200.00 for the month of January 2013, and $265.00 per month beginning in February 2013.

In each of these appeals, R.I.'s court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied); *see also In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) ("The rationale underlying *Anders* is no less applicable to a civil matter in which counsel has been appointed to represent the appellant."). R.I. was mailed a copy of counsel's briefs and was advised of her right to examine the appellate records and to file a pro se brief. No pro se brief has been filed.

In each cause, we have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record of either cause that might arguably support the appeal. *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47. Accordingly, in each cause, counsel's motion to withdraw is granted, and the order of the district court is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: April 12, 2013

3