

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00272-CV

IN THE INTEREST OF G.F., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 81,218-D, Honorable Don R. Emerson, Presiding

November 22, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Daisy Flores had her parental rights to G.F. terminated and has appealed from that order. Appellant's appointed counsel has filed a motion to withdraw together with an *Anders*[1] brief wherein she certified that, after diligently searching the record, the appeal is without merit. A copy of the brief was furnished to appellant who filed her own response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several potential areas for appeal including the sufficiency of the evidence to support termination under the four statutory grounds found by the trial court and the

---

[1] *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

finding that termination was in the best interest of the child. However, counsel then explained how the evidence was sufficient to support each ground as well as the "best interest" finding.

Appellant also filed a response in which she sought to be given a second chance to parent her child. She contended that she was not able to attend the final hearing because her aunt, who was receiving appellant's mail, failed to inform appellant of the hearing date. However, appellant's counsel attended the hearing on her behalf, and appellant did not claim that notice was sent to an incorrect address. *See In re D.W.*, 353 S.W.3d 188, 191-92 (Tex. App.—Texarkana 2011, pet. denied) (finding no abuse of discretion in failing to grant a new trial when a party did not attend trial since her attorney had proper notice, she failed to maintain contact with counsel, and she was uninformed that the case was set for final hearing).

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *In the Interest of AWT*, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.) and *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). In our review, we noted that appellant appeared through counsel and had the opportunity to defend against the accusations, present evidence, and cross-examine witnesses. Furthermore, the evidence presented at trial legally and factually supported at least one ground of termination.[2] *See In re P.E.W.*, 105 S.W.3d 771, 777 (Tex. App.—Amarillo 2003, no pet.) (holding that though

---

[2] G.F. was removed from appellant at birth because both the child and appellant tested positive for methamphetamine. Appellant's four older children had already been removed from the home due to appellant's drug use. Several months later, appellant entered a drug treatment program which she completed, she remained sober for approximately a year, and she substantially completed her service plan. All five of her children were eventually returned to her. Several months after G.F.'s return, appellant tested positive for methamphetamine during a drug test. A new service plan was put into effect, but appellant did not complete many of the services, she admitted that she was using methamphetamine frequently, and she had no permanent residence or stable employment.

2

the trial court found several statutory grounds warranting termination of the parent/child relationship, we need not determine whether each enjoys the requisite amount of evidentiary support because the decision may be affirmed if the evidence supports the existence of one ground and illustrates that termination is in the best interest of the child). The record also contains evidence upon which the trial court could clearly and convincingly find that termination of appellant's parental rights was in the best interest of the child.

Accordingly, having found no arguable merit to the appeal, we affirm the order of termination and grant the motion to withdraw.

Brian Quinn
Chief Justice