# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-15-00658-CV
---

**D. N. and E. M., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---
**FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 19110, HONORABLE CHERYL MABRAY, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

Appellants D.N. (Father) and E.M. (Mother) appeal from the trial court's order terminating their parental rights to their minor children, A.N., A.P.A., and D.N.H.[1]  In their sole issue on appeal, Father and Mother contend that the evidence is legally and factually insufficient to support the termination of their parental rights.  We will affirm the trial court's order terminating their parental rights.

---

[1]  To protect the privacy of the parties, we refer to the children and their parents by their initials.  *See* Tex. Fam. Code § 109.002(d).

## BACKGROUND[2]

Mother is originally from Rwanda. While living in a refugee camp in Tanzania, she met Father, with whom she eventually moved to the United States. The Texas Department of Family and Protective Services (the Department) received its first referral concerning Father and Mother in February 2013, when A.N. told a teacher at school that Father had hit him in the face with a chair. At the time, the household consisted of Father, Mother, their children, and Mother's sister and her two children. The Department found "reason to believe" this allegation. In January 2014, the Department received another referral alleging that one of Mother's sister's children had a bruise and a swollen eye and that Mother had slapped A.P.A. During the investigation, the children reported various incidents of physical abuse by Father. Father denied the alleged abuse, stating that "his children lie because they're American" and that he believed someone had bribed them. The Department removed the children from the home because of the abuse allegations and filed the original petition in this case.

Father, Mother, and the Department entered into a mediated settlement agreement, and in December 2014, the trial court signed a temporary order incorporating the terms of the agreement. Under this agreement, Father and Mother agreed to continue their individual and family

---

[2] The facts recited in this opinion are taken from testimony and exhibits presented at trial. Although we have considered the entire record, because this is a memorandum opinion affirming the trial court's termination order, we do not exhaustively detail the evidence. *See* Tex. R. App. P. 47.4 ("If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it."); *In re A.B.*, 437 S.W.3d 498, 507 (Tex. 2014) (holding courts of appeals need not detail the evidence when affirming termination findings).

2

counseling and not to engage in criminal activities, and Father agreed to pay monthly child support. The order also allowed Father and Mother weekend visitation periods.

The unsupervised visitation periods ceased after Father was indicted for the aggravated sexual assault of A.P.A. Father was later arrested and indicted for sexually assaulting Mother's sister. Father denied committing the assaults and claimed that A.P.A. was telling lies.

The Department sought to terminate Father's and Mother's parental rights, and the case was tried to the bench. The trial court found that Father had engaged in conduct satisfying the statutory grounds for termination listed in subsections (E) and (O) of Texas Family Code section 161.001(1) and that Mother had engaged in conduct satisfying the ground for termination listed in subsection (D). *See* Tex. Fam. Code § 161.001(1).[3] The court also found that it was in the children's best interest for Father's and Mother's parental rights to be terminated and that the Department should be named managing conservator of each child. *See id.* § 161.001(2). The trial court signed an order terminating Father's and Mother's parental rights, and this appeal followed.

## DISCUSSION

To terminate the parent-child relationship, a court must find by clear and convincing evidence that: (1) the parent has committed one of the enumerated statutory grounds for termination and (2) it is in the child's best interest to terminate the parent's rights. *Id.* § 161.001. Father and Mother contend that the evidence is legally and factually insufficient to support the termination of

---

[3] After this case was filed in the trial court, the Legislature amended section 161.001 by adding subsection (a). *See* Act of Apr. 7, 2011, 82d Leg., R.S., ch. 1, § 4.02, 2011 Tex. Gen. Laws 1, 9–11 (amended 2015) (current version at Tex. Fam. Code § 161.001(b)(1)). Section 161.001(1) was therefore renumbered as section 161.001(b)(1). This amendment does not affect our analysis, and we use the previous numbering throughout our opinion.

their parental rights. "The distinction between legal and factual sufficiency when the burden of proof is clear and convincing evidence may be a fine one in some cases, but there is a distinction in how the evidence is reviewed." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing the legal sufficiency of the evidence in a parental-termination case, we consider all the evidence in the light most favorable to the finding and determine whether a reasonable fact-finder could have formed a firm belief or conviction that its finding was true. *See id.* When reviewing the factual sufficiency of the evidence, we view all of the evidence in a neutral light and determine whether a reasonable fact-finder could form a firm belief or conviction that a given finding was true. *In re C.H.*, 89 S.W.3d 17, 18–19 (Tex. 2002). We assume that the fact-finder resolved disputed facts in favor of its finding if a reasonable person could do so, and we disregard evidence that a reasonable fact-finder could have disbelieved or found incredible. *J.F.C.*, 96 S.W.3d at 266. Evidence is factually insufficient only if a reasonable fact-finder could not have resolved the disputed evidence in favor of its finding and if that disputed evidence is so significant that the fact-finder could not reasonably have formed a firm belief or conviction that its finding was true. *Id.*

### *Father: statutory grounds for termination*

The trial court found by clear and convincing evidence that Father engaged in conduct satisfying the statutory grounds for termination listed in Texas Family Code section 161.001(1), subsections (E) and (O). We will focus our analysis on the ground stated in part of subsection (E), which provides that parental rights may be terminated if the parent "engaged in conduct . . . which endangers the physical or emotional well-being of the child." Tex. Fam. Code § 161.001(1)(E); *see Spurck v. Texas Dep't of Family & Protective Servs.*, 396 S.W.3d 205, 221 (Tex. App.—Austin

4

2013, no pet.) ("Only one statutory ground is necessary to support a judgment in a parental-rights-termination case.").

To constitute endangerment under subsection (E), the parent's conduct need not be directed at the child. *In re E.N.C.*, 384 S.W.3d 796, 803 (Tex. 2012). Conduct may endanger a child even if it does not cause the child to suffer actual injury. *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996) (per curiam) (quoting *Texas Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987)).

Moreover, domestic violence may constitute endangerment, even if the violence is not directed at the child. *See In re C.J.O.*, 325 S.W.3d 261, 265 (Tex. App.—Eastland 2010, pet. denied) ("Domestic violence may be considered evidence of endangerment. If a parent abuses or neglects the other parent or other children, that conduct can be used to support a finding of endangerment even against a child who was not yet born at the time of the conduct.") (citation omitted); *In re J.I.T.P.*, 99 S.W.3d 841, 845 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("A parent's abusive or violent conduct can produce a home environment that endangers a child's well-being. Domestic violence, want of self control, and propensity for violence may be considered as evidence of endangerment.") (citation omitted); *see also N.A.B. v. Texas Dep't of Family & Protective Servs.*, No. 03-14-00377-CV, 2014 WL 6845179, at *2 (Tex. App.—Austin Nov. 26, 2014, no pet.) (mem. op.) (discussing violence and endangerment). In addition, "[s]exual abuse is conduct that endangers a child's physical or emotional well-being." *In re E.A.G.*, 373 S.W.3d 129, 143 (Tex. App.—San Antonio 2012, pet. denied).

A parent's criminal activity or incarceration can also constitute endangerment under subsection (E), especially if the parent engages in criminal activity while knowing that his or her parental rights are in jeopardy. *See Boyd*, 727 S.W.2d at 534 ("We hold that if the evidence,

5

including the imprisonment, shows a course of conduct which has the effect of endangering the physical or emotional well-being of the child, a finding under [predecessor to subsection (E) ] is supportable."); *In re C.A.B.*, 289 S.W.3d 874, 885 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[Mother] knew her parental rights were in jeopardy, yet she continued to engage in criminal activity that resulted in being jailed."); *In re S.M.L.*, 171 S.W.3d 472, 479 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("When parents are incarcerated, they are absent from the child's daily life and are unable to provide support, and when parents like appellant repeatedly commit criminal acts that subject them to the possibility of incarceration, that can negatively impact a child's living environment and emotional well-being."); *In re AWT*, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.) (per curiam) ("Authority holds that intentional criminal activity which exposed the parent to incarceration is relevant evidence tending to establish a course of conduct endangering the emotional and physical well being of the child.").

At trial, the Department presented evidence that Father:

- hit A.N. in the face with a chair;

- hit multiple children with a stick;

- hit A.P.A. with a phone charger;

- hit one of Mother's sister's children with a belt on the child's hand and cheek; and

- had been indicted for sexually assaulting A.P.A. and Mother's sister.

Although the trial court heard evidence that Father denied these allegations, the trial court, as the finder-of-fact, was free to disbelieve Father and to believe the Department's witnesses.

6

*See In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) ("[T]he court of appeals must nevertheless still provide due deference to the decisions of the factfinder, who, having full opportunity to observe witness testimony first-hand, is the sole arbiter when assessing the credibility and demeanor of witnesses."). In light of the entire record, we determine that the trial court could have reasonably formed a firm belief that Father "engaged in conduct . . . which endangers the physical or emotional well-being of the child." Tex. Fam. Code § 161.001(1)(E). We further determine that a reasonable fact-finder could have resolved disputed evidence in favor of its finding and that disputed evidence is not so significant that the trial court could not reasonably have formed a firm belief or conviction that its finding was true. Therefore, we conclude that the evidence is legally and factually sufficient to support the termination of Father's parental rights under subsection (E).

### Father: best interest of the children

In a parental-rights-termination case, the best interest of the child is assessed using a non-exhaustive list of factors. *See In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). These factors include (1) the child's wishes, (2) the child's emotional and physical needs now and in the future, (3) emotional or physical danger to the child now and in the future, (4) the parenting abilities of the parties seeking custody, (5) programs available to help those parties, (6) plans for the child by the parties seeking custody, (7) the stability of the proposed placement, (8) the acts or omissions of the parent which indicate that the existing parent-child relationship is not proper, and (9) any excuses for the acts or omissions of the parent. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The Department need not prove all nine *Holley* factors as a "condition precedent" to termination, and the absence of some factors does not bar the fact-finder from finding that

7

termination is in the child's best interest. *C.H.*, 89 S.W.3d at 27. While no one factor is controlling, the presence of a single factor may be adequate in a particular situation to support a finding that termination is in the child's best interest. *In re J.O.C.*, 47 S.W.3d 108, 115 (Tex. App.—Waco 2001, no pet.), *disapproved of on other grounds by J.F.C.*, 96 S.W.3d at 267 n.39.

We conclude that the *Holley* factors weigh heavily in favor of a determination that it is in the children's best interest for Father's rights to be terminated. As discussed above, the trial court heard evidence that Father physically abused the children and sexually assaulted A.P.A. and Mother's sister. In addition, the Department presented evidence that the children were unhappy with the idea of returning to live with their parents and that they were happy about staying in their current placement.

We have not attempted to reproduce all of the evidence from the record supporting the trial court's best-interest finding. *See supra* n.2. We conclude, in light of the evidence summarized above, that a reasonable fact-finder could have formed a firm belief or conviction that this finding was true, that a reasonable fact-finder could have resolved disputed evidence in favor of its finding, and that disputed evidence is not so significant that the trial court could not reasonably have formed a firm belief or conviction that its finding was true. Therefore, we conclude that the evidence is legally and factually sufficient to support the trial court's finding that the termination of Father's parental rights is in the children's best interest. Accordingly, we overrule Father's sole issue.

### Mother: statutory ground for termination

The trial court found by clear and convincing evidence that Mother engaged in conduct satisfying the statutory ground for termination listed in Texas Family Code section 161.001(1),

8

subsection (D), which provides that parental rights may be terminated if the parent "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." Tex. Fam. Code § 161.001(1)(D).

At trial, the Department presented evidence that Mother allowed the children to continue to live with Father even after the allegations of physical abuse made in 2013 and 2014, including an allegation that Father had abused A.N. that the Department found "reason to believe" was true. Mother testified that the children lied about the abuse. In addition, the Department presented evidence that Mother believed that A.P.A. was lying about the alleged sexual assault by Father when Mother was first questioned about it and that, more recently, Mother stated both that she believed A.P.A. and that she believed Father. At trial, when Mother was asked, "Do you think that [Father] ever physically abused any of your children?" she answered, "He has never done anything bad to any of them."

Furthermore, although Mother testified at trial that her relationship with Father was finished and that she would not allow Father to continue to live with the children unless he was cleared of his criminal sexual-assault charges, the Department presented evidence that Mother was recently seen riding in a car with Father and that Father had been to the home while Mother and the children were there.

From this evidence of Mother's persistent denial of Father's abuse and her ongoing relationship with Father, we determine that the trial court could have reasonably formed a firm belief that Mother allowed the children to remain in a situation that endangered their well-being and would continue to do so. In addition, we determine that a reasonable fact-finder could have resolved

9

disputed evidence in favor of its finding and that disputed evidence is not so significant that the trial court could not reasonably have formed a firm belief or conviction that its finding was true. Therefore, in light of the entire record, we conclude that the evidence is legally and factually sufficient to support the termination of Mother's parental rights under subsection (D).

### *Mother: best interest of the children*

In addition to the evidence that Mother allowed the children to remain around Father even after learning of the allegations of abuse, the Department presented evidence at trial that Mother hit A.P.A. with a stick on her face and made her bleed. The Department also presented evidence that Mother would hardly speak to the children during her visitations, that Mother appeared angry at the children and that she would rarely make eye contact with or pay attention to any of the children except D.N.H., that Mother appeared to blame A.P.A. for the sexual-abuse allegations that A.P.A. made against Father, and that A.P.A. acted "very afraid" of Mother. Morever, the Department presented evidence that Mother missed "a month to a month and a half" of therapy sessions and that Mother did not seem open to making progress when she returned to therapy because she believed that the Department was falsely accusing Father of sexual abuse. Finally, the Department also presented evidence that the children were unhappy with the idea of returning to live with their parents and that they were happy about staying in their current placement.

In light of the entire record, we conclude that the evidence of Mother's denial of Father's abuse and of Mother's own abuse and poor parenting abilities is sufficient to have allowed the trial court to reasonably form a firm belief that it is in the children's best interest to terminate Mother's parental rights. We further conclude that a reasonable fact-finder could have resolved

10

disputed evidence in favor of its finding and that disputed evidence is not so significant that the trial court could not reasonably have formed a firm belief or conviction that its finding was true. Because we conclude that the evidence is legally and factually sufficient to support the trial court's findings, we overrule Mother's sole issue.

## CONCLUSION

We recognize that the evidence presented at trial showed that Father and Mother have faced enormous obstacles in their lives, including witnessing civil war and spending years in a refugee camp. We are also sensitive to the difficulties Father and Mother faced when moving to a new country with a language and culture foreign to them. Nevertheless, we cannot allow their past to dictate their children's futures. Having overruled Father's and Mother's sole issue, we affirm the trial court's order terminating their parental rights.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   April 8, 2016

11