

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00069-CV

**IN THE INTEREST OF S.M.G.**, a Child

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01207
Honorable Barbara H. Nellermoe, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  October 3, 2018

AFFIRMED

J.A.G. appeals the trial court's order terminating his parental rights to his daughter S.M.G. In his pro se brief, J.A.G. argues the trial court "excluded and overlooked" evidence and also asserts the evidence is factually insufficient to support the trial court's order asserting the "ruling was based on criminal background which is not sufficient" to support the termination of his parental rights.  We affirm the trial court's order.

### BACKGROUND

S.M.G. was born June 19, 2009.  On March 28, 2011, the parties entered into an agreed order in a suit affecting the parent-child relationship, in which J.V., S.M.G.'s mother, was appointed managing conservator and J.A.G. was appointed possessory conservator.  The agreed order contained a finding by the trial court that J.A.G. had a history or pattern of family violence

and limited his visitation to one hour twice a month with visitation to occur "in a protective setting" and be "continuously supervised" by S.M.G.'s maternal grandmother.

On June 5, 2017, J.V. filed a petition to terminate J.A.G.'s parental rights, alleging five statutory grounds in support of termination. After a bench trial was held on January 19, 2018, the trial court signed an order terminating J.A.G.'s parental rights finding by clear and convincing evidence that termination of J.A.G.'s parental rights was in S.M.G.'s best interest and J.A.G.: (1) engaged in conduct or knowingly placed S.M.G. with persons who engaged in conduct that endangered S.M.G.'s physical or emotional well-being pursuant to section 161.001(b)(1)(E) of the Texas Family Code; and (2) failed to support S.M.G. in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition pursuant to section 161.001(b)(1)(F) of the Code. J.A.G. appeals.

### STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Code, J.V. had the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in S.M.G.'s best interest. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West Supp. 2017); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). We evaluate the factual sufficiency of the evidence to support the trial court's findings under the standard of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under this standard, "[t]he trial court is the sole judge of the weight and credibility of the evidence." *In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.).

### DISCUSSION

In his first issue, J.A.G. argues the trial court erred in excluding and overlooking evidence and attaches two documents to his brief he alleges were overlooked and excluded. The two

- 2 -

documents are the third page from the 2011 agreed order containing the court's finding of family violence and a record from the Attorney General of J.A.G.'s child support payments. The appellate record, however, reflects the two documents attached to J.A.G.'s brief were admitted into evidence as exhibits and were considered by the trial court. In addition, the trial court heard testimony about the exhibits. Finally, in announcing its ruling, the trial court made reference to J.A.G.'s criminal activity, which included a conviction for assaulting J.V., and his failure to pay child support. Accordingly, J.A.G.'s first issue is overruled.

In his second issue, J.A.G. contends the evidence is factually insufficient to support the termination of his parental rights, citing numerous cases in which the courts addressed the termination of parental rights pursuant to section 161.001(b)(1)(Q) of the Code. *See, e.g. In re H.R.M.*, 209 S.W.3d 105, 107 (Tex. 2006); *In re A.V.*, 113 S.W.3d 355, 356 (Tex. 2003); *In re J.C.*, 151 S.W.3d 284, 289 (Tex. App.—Texarkana 2004, no pet.); *In re A.L.S.*, 74 S.W.3d 173, 178-83 (Tex. App.—El Paso 2002, no pet.); *In re A.R.R.*, 61 S.W.3d 691, 700-01 (Tex. App.—Fort Worth 2001, pet. denied). In this case, however, the trial court did not terminate J.A.G.'s rights pursuant to section 161.001(b)(1)(Q). Instead, one of the grounds pursuant to which the trial court terminated his rights was section 161.001(b)(1)(E) based on the trial court's finding that J.A.G. engaged in conduct or knowingly placed S.M.G. with persons who engaged in conduct that endangered S.M.G.'s physical or emotional well-being. *See* TEX. FAM. CODE ANN. § 1610.01(b)(1)(E). "[E]vidence of criminal conduct, convictions, and imprisonment may establish a course of conduct that endangers the child's well-being." *In re A.L.*, No. 04-17-00620-CV, 2018 WL 987484, at *4 (Tex. App.—San Antonio Feb. 21, 2018, no pet.) (mem. op.); *In re C.M.-L.G.*, No. 14-16-00921-CV, 2017 WL 1719133, at *9 (Tex. App.—Houston [14th Dist.] May 2, 2017, pet. denied) (mem. op.) ("Although incarceration alone will not support termination, evidence of criminal conduct, convictions, and imprisonment may support a finding of

endangerment under subsection E."); *In re B.C.S.*, 479 S.W.3d 918, 926 (Tex. App.—El Paso 2015, no pet.) ("Evidence of criminal conduct, convictions, and imprisonment and its effect on a parent's life and ability to parent may establish an endangering course of conduct."); *In re L.E.S.*, 471 S.W.3d 915, 924 (Tex. App.—Texarkana 2015, no pet.) ("intentional criminal activity which expose[s] the parent to incarceration is relevant evidence tending to establish a course of conduct endangering the emotional and physical well-being of the child."); *In re AWT*, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.) (same).

At trial, J.A.G. admitted his criminal history included convictions for endangering S.M.G., assaulting J.V., violating a protective order, being a felon in possession of a firearm, evading arrest, and two offenses of driving while intoxicated. Certified copies of the judgments evidencing most of the convictions were admitted into evidence. J.A.G. further admitted he was incarcerated at the time of trial on a charge of unauthorized use of a motor vehicle.

With regard to his conviction for endangering S.M.G., J.V. testified J.A.G. and his brother assaulted her before they ran from the location with S.M.G. The indictment charged J.A.G. with endangering S.M.G. in July of 2009, when she was approximately one-month-old, by evading peace officers and climbing a fence with S.M.G. J.V. also testified she obtained a protective order a year or two after S.M.G. was born because J.A.G. continued to stalk her. In her affidavit in support of the protective order, J.V. reported J.A.G. punched her and threatened her and also stated J.A.G. used drugs. J.V. further testified that she stopped allowing J.A.G. to regularly visit with S.M.G. because J.V.'s mother reported J.A.G. showed up for a supervised visit under the influence. J.V. testified S.M.G. was about two the last time J.A.G. visited with her and was eight at the time of trial. J.V. stated she is fearful of J.A.G. and believes he is a dangerous person with a violent and dangerous criminal history. Having reviewed the record as a whole, we conclude a reasonable trier of fact could have formed a firm belief or conviction J.A.G. engaged in conduct that

endangered S.M.G.'s physical or emotional well-being.[1]  Accordingly, J.A.G.'s second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

---

[1] Because we hold the evidence is sufficient to support the trial court's finding under section 161.001(b)(1)(E), we need not address the sufficiency of the evidence to support its finding under section 161.001(b)(1)(F).  *See* TEX. R. APP. P. 47.1.