In The
 Court of Appeals
 Seventh District of Texas at Amarillo

 ________________________

 No. 07-19-00174-CV
 ________________________

 IN THE INTEREST OF J.F., A CHILD 
 
 
 
 On Appeal from the 137th District Court
 Lubbock County, Texas
 Trial Court No. 2017-527,563; Honorable John J. McClendon III, Presiding

 
 August 6, 2019
 
 ABATEMENT AND REMAND
 
 Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Appellant, B.T., appeals the trial court's order terminating her parental rights to her son, J.F. In presenting this appeal, appointed counsel has filed an Anders brief in support of a motion to withdraw. We grant counsel's motion and he is relieved as B.T.'s attorney of record. We abate the appeal and remand the cause to the trial court for appointment of new counsel to file a brief in this court addressing a potentially meritorious issue.
 Background
 B.T. suffers from multiple ailments and takes numerous medications. She has been diagnosed with bipolar disorder, anxiety, asthma, migraines, seizures, and polycystic ovarian syndrome (insulin resistance) and has a pituitary tumor. At the time of the final hearing, she described at least ten prescription medications she was taking. At the time of J.F. II's birth, the Texas Department of Family and Protective Services was notified that he tested positive for amphetamines. Two days after his birth, on October 6, 2017, the Department initiated termination proceedings. 
 On November 2, 2017, B.T. filed her application for appointment of court-appointed counsel together with an affidavit of indigence. The associate judge signed an order finding that B.T. was indigent and appointed counsel to represent her. On March 12, 2018, B.T. filed a Motion to Substitute Counsel indicating she had retained counsel and no longer wished to be represented by appointed counsel. Citing B.T.'s failure to cooperate, retained counsel moved to withdraw on August 15, 2018.
 A final hearing before an associate judge commenced on September 14, 2018. B.T. appeared pro se and filed a motion for continuance. She announced that she needed a continuance to "get an attorney. I need a court-appointed one, if you can." The Department opposed a continuance. The judge ruled, "I am going to go ahead and deny your motion for continuance." After a discussion on pending approval of a home study related to the child's placement and a dismissal date of October 8, 2018, looming, the judge nevertheless granted a continuance until September 28, 2018. 
 At the continuation of the final hearing, B.T. again moved for continuance. She explained that she had made numerous attempts to employ counsel but did not have the resources for fees being quoted to her by several attorneys. She also sought the assistance of Legal Aid and the Texas Tech Law School clinic but was turned down. The judge acknowledged that B.T. had filed an affidavit of indigence and an application for court-appointed counsel. The Department again opposed a continuance and the associate judge again denied the motion for continuance. The judge also ruled, "[y]our request for additional time to get a court-appointed or hired attorney is also denied." 
 The final hearing continued with B.T. as the first witness. She was questioned by three attorneys without the assistance of counsel. After the presentation of witnesses and evidence, the trial court again ruled that B.T.'s motion for continuance as well as a request for an extension of the dismissal date were being denied. The ruling continued as follows:
 [f]urther, [B.T.] had again applied for a court-appointed attorney. I find that that is her second request for court-appointed attorney, having released her first one, and then had representation by a hired attorney, who has now since withdrawn. I am denying her request for that second court-appointed attorney as untimely. I believe it was the day prior to the final hearing when that application was received.
(Emphasis added).
 The trial court then found by clear and convincing evidence that B.T. had (1) knowingly placed or allowed her child to remain in conditions or surroundings that endangered his physical or emotional well-being, (2) engaged in conduct or knowingly placed her child with persons who engaged in conduct that endangered his physical or emotional well-being, and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her child. See Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), and (O) (West Supp. 2018). The trial court also found that termination of B.T.'s parental rights to J.F. II was in the child's best interest. § 161.001(b)(2) (West Supp. 2018). 
 B.T. filed a request for a de novo hearing. Section 201.015(b) of the Family Code requires that a party specify the issues that will be presented to the referring court. B.T. listed the lack of representation at the hearing and explained that she was absent on the final day of the hearing because she had been hospitalized.
 B.T. was granted a de novo hearing, this time with the assistance of court-appointed counsel. Before testimony was presented, the referring court announced it had read the transcription from the prior hearing in its entirety. B.T.'s court-appointed attorney re-urged B.T.'s motion for continuance and for an extension of the case to give B.T. the opportunity to proceed with the assistance of counsel. The referring court denied the request.
 The Department presented one witness, to wit: a caseworker, after which the Department rested. B.T. was the only witness in her defense. The referring court took the matter under advisement and then signed an order terminating B.T.'s parental rights on the same statutory grounds as the associate judge. 
 Applicable Law
 The natural right existing between parents and their children is of constitutional magnitude. See Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982). See also Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly construed in favor of the parent. In re E.R., 385 S.W.3d 552, 563 (Tex. 2012). 
 In a suit filed by a governmental entity seeking termination of the parent-child relationship, appointment of counsel for an indigent parent who responds in opposition to the termination is entitled to the appointment of counsel. Tex. Fam. Code Ann. § 107.013(a)(1) (West 2019). The Supreme Court recently decided that a de novo hearing under section 201.015 of the Texas Family Code is not a "trial de novo." In re A.L.M.-F., No. 17-0603, 2019 Tex. LEXIS 426, at *12 (Tex. May 3, 2019). "It is a process that is mandatory when invoked but expedited in time frame and limited in scope." Id. 
 Analysis
 The procedures set forth in Anders v. California, pertaining to a non-meritorious appeal of a criminal conviction, are applicable to the appeal of an order terminating parental rights. See In re A.W.T., 61 S.W.3d 87, 88 (Tex. App. -- Amarillo 2001, no pet.). We are required to make an independent examination of the entire record to determine whether there are any arguable grounds that might support the appeal. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). From this court's independent review of the record before us, it appears that B.T. may have been denied the right to appointed counsel at the final hearing before the associate judge. Although section 201.015(c) allows a referring court to consider the record from the hearing before the associate judge, potential taint may have resulted from the denial of a mandatory statutory right to counsel.
 Accordingly, we find there are potentially arguable issues which might support an appeal and due process requires the appointment of new counsel. Upon remand, due to the time-sensitive nature of an appeal from a parental termination order; Tex. R. Jud Admin. 6.2(a), the trial court shall utilize whatever means necessary to appoint new counsel to represent B.T. in this appeal on or before August 16, 2019. The name, address, email address, telephone number, and State Bar of Texas identification number of newly-appointed counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court by August 30, 2019. The trial court is directed to order newly-appointed counsel to file an appellant's brief developing the aforementioned issue and any other potentially arguable issues that might support B.T.'s appeal. The appellate brief shall be due twenty days from the date of the trial court's order appointing new counsel. Tex. R. App. P. 38.6(a). The Department's brief, if any, shall be filed twenty days following the filing of B.T.'s brief. Id. at (b). By this order, we express no opinion on the final merits of any issue or potential issue the record may present.
 It is so ordered.
 Per Curiam