

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00303-CV

IN THE INTEREST OF J.W.V. AND L.M.V., CHILDREN

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 40,431, Honorable David Gleason, Presiding

December 5, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant the mother appeals the trial court's final order terminating her parental rights to her two children, J.W.V. and L.M.V., and appointing intervenors D.C.C. and M.L.C., permanent managing conservators of the children.[1] The mother's court-appointed appellate counsel filed a motion to withdraw as counsel supported by a brief. In her brief, counsel states she conducted a professional evaluation of the record and, after a thorough review of the applicable law, concluded no arguable grounds

---

[1] Answering a single broad-form question, the jury found the mother's parental relationship with each child should be terminated. The trial court's final order contains findings of five predicate grounds and that termination was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(D),(E),(N),(O),(P) & (2) (West 2014).

supporting an appeal exist in this case and the appeal is frivolous.  Although granted the opportunity, the mother did not file a response to counsel's motion and brief.

Counsel's motion and brief present a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.[2]  They meet the requirement of *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967); *see In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (finding *Anders* procedures applicable in termination of parental rights case).

As the reviewing court we conduct an independent evaluation of the record to determine whether counsel correctly determined the appeal is frivolous.  *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio,* 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

After carefully reviewing the appellate record and counsel's brief, we agree the appeal is frivolous and without merit.  We find nothing in the record arguably capable of supporting an appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827 (Tex. Crim. App.

---

[2] Among possible appellate issues, counsel discusses the form of the jury charge which submitted five predicate grounds and the best interest inquiry in a single broad form question.  She concludes the charge was not flawed.  *See Tex. Dep't of Human Servs. v. E.B.,* 802 S.W.2d 647, 649 (Tex. 1990) (finding in a termination of parental rights case the controlling question is whether a parent's rights should be terminated).

2005).  We, therefore, grant appellate counsel's motion to withdraw and affirm the trial court's final order.[3]  TEX. R. APP. P. 43.2(a).


James T. Campbell
Justice

---

[3] Counsel shall, within five days after this opinion is handed down, mail the mother a copy of the opinion and judgment along with notification of the right to file a *pro se* petition for discretionary review under appellate rule 53. The documents and notification shall be sent to the mother at her last known address via certified mail, return receipt requested. Counsel shall also send this court a letter certifying compliance and attaching a copy of the return receipt within the time for filing a motion for rehearing.  TEX. R. APP. P. 2; *cf.* TEX. R. APP. P. 48.4.