

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00134-CV
_____

IN THE INTEREST OF A.M.D., A CHILD

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 37,585; Honorable Jack M. Graham, Presiding

July 30, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, H.N.M.,[1] appeals the trial court's order terminating her parental rights to her child, A.M.D.[2]   At the time of her removal, A.M.D. was less than a year old.  In presenting this appeal, appointed counsel has filed an *Anders* brief in support[3] of his motion to withdraw, and we grant counsel's motion and affirm.

---

[1] To protect the parent's and child's privacy, we refer to Appellant and other parties by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014).  *See also* TEX. R. APP. P. 9.8(b).

[2] The father's rights were also terminated but he is not a party to this appeal.

[3] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

In December 2013, the Department of Family and Protective Services filed its *Original Petition* for conservatorship and termination of H.N.M.'s parental rights. The bases for A.M.D.'s removal were child neglect and neglectful supervision, i.e., not caring for the child and refusing to learn basic parenting skills in multiple foster care environments. After a hearing, the trial court entered an order requiring H.N.M. to participate in and complete all tasks and services specified in a service plan as well as all subsequent service plans ordered by the trial court. Thereafter, H.N.M. failed to initiate or complete multiple services ordered for A.M.D.'s return, including: (1) attend individual counseling, (2) undergo a psychological evaluation, (3) undergo substance abuse screenings, and (4) participate in mental health services. H.N.M. also moved her residence a number of times, failed to make visitations, became pregnant a second time, and tested positive for marijuana use.

After a bench trial in March 2015, the trial court found there was clear and convincing evidence that H.N.M. had failed to comply with the court's order specifically establishing the actions necessary for A.M.D.'s return. *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2014). *See M.C. v. Tex. Dep't of Family and Protective Servs.*, 300 S.W.3d 305, 311 (Tex. App.—El Paso 2009, pet. denied) (only one statutory ground is required to terminate parental rights under section 161.001(1)). The trial court also found termination was in the best interest of the child. *See In the Interest of C.H.,* 89 S.W.3d 17, 28 (Tex. 2002) (evidence of acts or omissions used to establish ground for termination under section 161.001(1) may be probative in determining best interest of child). *See also Walker v. Tex. Dep't of Family and Protective Servs.*, 312 S.W.3d 608, 619 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (nonexclusive list of factors that

the trier of fact in a termination case may use in determining the best interest of the child).

### APPLICABLE LAW

In a termination proceeding the standard of review is that discussed in *In re K.M.L.*, 443 S.W.3d 101, 108 (Tex. 2013). The evidence must be such that a fact finder could reasonably form a firm belief or conviction about the truth of the matter on which the Department bears the burden of proof. *Id.* at 112. Furthermore, only one statutory ground is needed to support termination, though the trial court must also find that termination is in the child's best interest. *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley v. Adams,* 544 S.W.2d 367, 371-72 (Tex. 1976).

### ANDERS V. CALIFORNIA

Courts, including this court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies he has diligently researched the law applicable to the facts and issues and candidly discusses why, in his professional opinion, the appeal is frivolous. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief to H.N.M. and (2) notifying her of her right to file a *pro se* response if she desired to do so.

*Id.* By letter, this Court granted her an opportunity to exercise her right to file a response to counsel's brief should she be so inclined. She did not favor us with a response. Neither did the Department favor us with a responsive brief.

### ANALYSIS

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that grounds for termination existed in compliance with section 161.001 of the Family Code and that termination of H.N.M.'s parental rights was in the child's best interest. *See Gainous v. State,* 436 S.W.2d 137, 137-38 (Tex. Crim. App. 1969).

At the bench trial, the evidence established H.N.M. did not initiate many of the material provisions of court orders requiring compliance to avoid termination of her parental rights. *In re J.F.C.*, 96 S.W.3d 256, 277-79 (Tex. 2002). The record also conclusively establishes A.M.D. was removed from H.N.M. under Chapter 262 of the Family Code for abuse or neglect, and it is undisputed that A.M.D. was in the Department's custody for more than nine months after removal. *In re E.C.R.,* 402 S.W.3d 239, 248-49 (Tex. 2013). The parental conduct described in subsection 161.001(1)(O) of the Family Code was thus established as a matter of law, and termination was in the best interest of A.M.D. *Id.*

After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

### CONCLUSION

The trial court's order terminating H.N.M.'s parental rights to A.M.D. is affirmed and counsel's motion to withdraw is granted

Patrick A. Pirtle
Justice