

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00247-CV

IN THE INTEREST OF E.L., A
CHILD

----------

### FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 16-07283-16

----------

## MEMORANDUM OPINION[1]

----------

Appellant B.L. (Mother) appeals the trial court's final order terminating her parental rights to E.L. *See* Tex. Fam. Code Ann. § 161.001(b) (West Supp. 2017). The trial court found by clear and convincing evidence that Mother's actions satisfied the grounds listed in family code section 161.001(b)(1)(D), (E), (I), (N), (O), and (P) and alleged in the petition for termination and that

---

[1]*See* Tex. R. App. P. 47.4.

termination of Mother's parental rights was in E.L.'s best interest.[2]  *See id.* § 161.001(b)(1)(D), (E), (I), (N), (O), (P) & (b)(2).  Mother's appellate counsel has filed a motion to withdraw as counsel and a brief, in which counsel states that she has conducted a professional evaluation of the record and after a thorough review of the applicable law, has reached the conclusion that there are no arguable grounds to be advanced to support an appeal of this cause and that the appeal is frivolous.

Counsel's brief and motion present the required professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in parental-termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.).  Further, counsel informed Mother of counsel's intent to withdraw, provided her with a copy of the appellate record and the *Anders* brief, and notified Mother that she had the right to file a response to counsel's brief.  *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).  This court also informed Mother of these rights and gave her until November 6, 2017, to notify this court of her intent to

---

[2]The trial court also terminated E.L.'s father's parental rights, but he does not appeal that determination.

respond. *See id.* Mother has not responded.[3] Additionally, appellee the Department of Family and Protective Services informed this court that it will not respond to counsel's motion to withdraw.

In reviewing an *Anders* brief, we are to independently determine whether there are any arguable grounds for reversal and, thus, whether counsel was correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *K.M.*, 2003 WL 2006583, at *2; *In re AWT*, 61 S.W.3d 87, 89 (Tex. App.—Amarillo 2001, no pet.). Our review of the record reveals that Mother had notice of the grounds alleged for terminating her parental rights and although she voluntarily did not appear for trial, had an opportunity to defend against those grounds through the use of counsel, the presentation of evidence, and the cross-examination of adverse witnesses. Further, the evidence considered by the trial court legally and factually supported the trial court's findings that (1) Mother's actions satisfied at least one ground listed in section 161.001(b)(1) and alleged in the petition for termination[4] and

---

[3]Our notifications to Mother, which we mailed to her two last-known addresses, were returned as undeliverable. We additionally left phone messages for Mother that were not returned. Mother's appellate counsel also informed us that she has been unable to contact Mother by phone and that the mailing addresses we used were the only addresses counsel had for Mother as well. Counsel did not state that her notification letter had been returned as undeliverable.

[4]As counsel notes in her brief, although the evidence arguably was not sufficient to justify termination under section 161.001(b)(1)(P), the other five section 161.001(b)(1) grounds alleged and proved supported the termination. *See In re S.F.*, 32 S.W.3d 318, 320 (Tex. App.—San Antonio 2000, no pet.).

3

(2) termination of Mother's parental rights was in E.L.'s best interests under section 161.001(b)(2). *See generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing appellate court need not detail the evidence if affirming termination judgment). These findings were based on credibility and weight-of-the-evidence choices that we may not second-guess. *See In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006); *In re J.P.B.*, 180 S.W.3d 570, 573–74 (Tex. 2005); *In re L.M.I.*, 119 S.W.3d 707, 712 (Tex. 2003).

We find nothing in the record that might arguably support Mother's appeal; thus, we affirm the trial court's final order of termination. However, we deny counsel's motion to withdraw without prejudice as premature. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DELIVERED: December 7, 2017

4