

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-19-00042-CV
_____

IN THE INTEREST OF T.C., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 090747-D-FM; Honorable Pamela C. Sirmon, Presiding

April 16, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, C.M., appeals the trial court's order terminating her parental rights to her son, T.C.[1] In presenting this appeal, appointed counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We affirm.

---

[1] To protect the privacy of the parent and her child, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018). *See also* TEX. R. APP. P. 9.8(b). The father's rights were also terminated based on an affidavit of relinquishment, but he did not appeal.

[2] *Anders v. California*, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

BACKGROUND

Based on a report that C.M. tested positive for methamphetamines, the Texas Department of Family and Protective Services removed T.C. from his mother's care shortly after his birth. C.M. has a history with the Department and her other children dating back to the mid-1990s. During the entirety of the case, C.M. was not employed and did not have a safe and stable home for T.C.

C.M. and the Department entered into a family service plan with a goal of family reunification. The caseworker testified that she reviewed the family service plan with C.M. and explained the services she needed to complete. C.M. acknowledged the requirements of the plan but did not complete her services. She offered lack of transportation or simply forgetting her appointments as excuses.[3]

The Department's investigator testified that C.M. admitted to using methamphetamine one month before giving birth to T.C. She also testified that C.M.'s parental rights to numerous other children had been terminated due to C.M.'s drug use.[4]

During cross-examination, the investigator testified that C.M. was not prepared to care for an infant and had considered giving T.C. up for adoption. None of her family members could pass a background check, and consequently, none of them were suitable to assist C.M. with a newborn.

---

[3] The Department provided bus passes to C.M. to assist her.

[4] During the final hearing, an order terminating C.M.'s parental rights to five of her eight other children was introduced into evidence.

Regarding the best interest finding, the caseworker testified that T.C. was in a foster home that had adopted an older sibling of T.C. who was now an adult. T.C. was doing well in the foster home and the foster parents were prepared to adopt him should C.M.'s parental rights be terminated.

During C.M.'s testimony, she offered excuses for being unable to complete her services. She did express her desire to take T.C. home with her after he was born and she had a car seat and clothes for him. However, he was removed from her at the hospital. C.M. testified she lived with her disabled mother and a cousin who had an open case with the Department at the time of T.C.'s birth. Shortly before the final hearing, she moved in with her boyfriend whom she had been dating for two and a half months.[5] C.M. admitted using methamphetamine one month before T.C.'s birth; however, testing at the time of birth showed them both to be drug-free.

Following a hearing, the trial court found that termination of C.M.'s parental rights was in T.C.'s best interest and also found by clear and convincing evidence that C.M. (1) engaged in conduct which endangered the child's physical or emotional well-being, (2) had her parental rights terminated with respect to other children based on a finding that her conduct was in violation of section 161.001(b)(1)(D) or (E), and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of her child who had been in the Department's custody for not less than nine months as a result of the child's removal under chapter 262 for abuse

---

[5] Her boyfriend was also unemployed and was receiving disability checks.

and neglect.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (M), and (O) (West Supp. 2018).

APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes one or more acts or omissions enumerated under section 161.001(b)(1) and termination of that relationship is in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2018).  *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976).  The burden of proof is clear and convincing evidence.  § 161.206(a-1) (West Supp. 2018).  "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  § 101.007 (West 2014).

Only one statutory ground is needed to support termination though the trial court must also find that termination is in a child's best interest.  *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied).  In reviewing a termination proceeding, the standard for sufficiency of the evidence is that discussed in *In re K.M.L.*, 443 S.W.3d 101, 112-13 (Tex. 2014).  In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley*, 544 S.W.2d at 371-72.

*ANDERS V. CALIFORNIA*

The procedures set forth in *Anders v. California*, pertaining to a non-meritorious appeal of a criminal conviction, are applicable to the appeal of an order terminating parental rights.  *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).  The brief filed in this appeal meets the requirements of *Anders* by presenting a

4

professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis to support an appeal. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) providing a copy of the brief to C.M. and (2) notifying C.M. of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this court also granted C.M. an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. C.M. did not file a response. The Department notified this court it would not file a response unless specifically requested to do so. No such request was made.

ANALYSIS

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that grounds for termination existed and that termination of C.M.'s parental rights was in the child's best interest. *See* § 161.001(b)(1), (2) (West Supp. 2018). *See also Gainous v. State*, 436 S.W.2d 137-38 (Tex. Crim. App. 1969). Having reviewed the entire record, we agree with counsel that there are no plausible grounds for appeal.

CONCLUSION

We affirm the trial court's order terminating C.M.'s parental rights.[6]


Patrick A. Pirtle
Justice

---

[6] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court. Counsel has filed a motion to withdraw on which we take no action.