

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00074-CV

IN THE INTEREST OF E.J.H., A CHILD

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 44,559, Honorable James M. Mosley, Presiding

June 29, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is an appeal from the trial court's final order terminating the parental rights of K.K. to her child, E.J.H. In presenting this appeal, appointed counsel filed an *Anders* brief in support of a motion to withdraw.[1] We affirm the trial court's order but defer ruling on counsel's motion to withdraw.

K.K. and J.H. are the parents of E.J.H. Both parents have a very long history of methamphetamine use. Both also had their parental rights to other children terminated due to drug abuse.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

E.J.H. was born prematurely on January 26, 2021. The State removed the child from her care at birth due to "neglectful supervision" and K.K.'s admission to drug use while pregnant. Additionally, the child evinced symptoms of drug withdrawal when born.

Though assigned a service plan to regain possession of the child, K.K. provided no proof of compliance or employment. Furthermore, K.K. and J.H. lived in a small camper parked in a friend's driveway. By the time of the final hearing, K.K. had moved in with a man named Kenneth. However, K.K. had not maintained contact with the Department, and the caseworker had been unable to determine the suitability of that home for children.

K.K. tested positive for methamphetamine in April 2021, following several negative screens. Thereafter, she submitted to no further testing, despite repeated requests that she do. Other evidence illustrated that her visits with the child were sporadic and her caseworker ultimately found her jailed due to her possessing drugs and drug paraphernalia.

At the close of the hearing, the trial court terminated K.K.'s parental rights to E.J.H. on several grounds, including subsection (E) of § 161.001(b)(1) of the Texas Family Code. Thereafter, she timely perfected an appeal and received appointed counsel. Again, the latter filed an *Anders* brief after failing to uncover any arguable issues meriting review.

The procedures set forth in *Anders v. California*, pertaining to a non-meritorious appeal of a criminal conviction, are applicable to the appeal of an order terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (per curiam). The brief filed by appointed counsel here meets the requirements of *Anders*

2

by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the termination order. So too did counsel move to withdraw, provide K.K. with copies of the brief and appellate record, and notify her of her right to file a pro se response if she cared to. *Id.* By letter, this Court also notified K.K. of the situation and granted her opportunity to file a response to counsel's brief by May 16, 2022. She has yet to file one or otherwise correspond with the Court.

We also independently examined the entire record to determine whether there were any non-frivolous issues that might support a reversal on appeal. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). None were found. On the other hand, our analysis led us to conclude that clear and convincing evidence supported the trial court's finding under subsection (E).[2] TEX. FAM. CODE. ANN. § 161.001(b)(1)(E) (permitting termination when clear and convincing evidence shows that the parent engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the children's physical or emotional well-being). The litany of evidence described earlier in the opinion required that conclusion. Again, K.K. had a long history of addiction to methamphetamine and had three other children removed from her care due to her abuse of that drug. Despite being afforded the opportunity to regain the child, she continued using drugs, refused to test, failed to prove performance of any of her services, failed to prove she had suitable housing or employment, failed to maintain contact with the Department, failed to maintain regular visits with the child, and failed to

---

[2] Our independent review included a specific examination of the evidence supporting termination under subsection (E). *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019 (per curiam) (observing that due process requires appellate review of evidence supporting grounds for termination under § 161.001(b)(1)(D) and (E) even when another ground for termination is sufficient due to the potential collateral consequences of findings under those subsections).

remain free from jail due to drug-related activity. Most importantly, the child's evincing symptoms of drug withdrawal at birth permits one to reasonably infer its exposure, if not addiction to, drugs due to mother's activity. Such conduct endangered the physical and emotional well-being of the child. *In re M.M.*, No. 07-19-00324-CV, 2020 Tex. App. LEXIS 2203, at *10–11 (Tex. App.—Amarillo Mar. 16, 2020, pet. denied) (mem. op.) (noting that illegal drug use may support termination under subsection (E) since it exposes the child to the possibility that the parent may be impaired or imprisoned and the decision to engage in illegal drug use during the pendency of a termination suit, when the parent is at risk of losing a child, supports a finding that the parent engaged in conduct that endangered the child's physical or emotional well-being); *In re T.C.*, No. 07-18-00232-CV, 2018 Tex. App. LEXIS 6768, at *7 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.) (stating that "[d]rug use is also a course of endangering conduct and a parent bears the responsibility to guard against potential dangers to a child").

Having examined the entire record, we agree with counsel that the record presents no meritorious grounds for reversal. We affirm the judgment of the trial court terminating K.K.'s parental rights. Due to counsel's continuing responsibility to her client, we take no action on her motion to withdraw.[3]

Per Curiam

---

[3] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court.