

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00167-CV

---

IN THE INTEREST OF P.S., A CHILD

---

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 44,483, Honorable Curt Brancheau, Presiding

---

August 19, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is an appeal from the trial court's final order terminating the parental rights of SS to her child, PS. In presenting this appeal, appointed counsel filed an *Anders* brief in support of a motion to withdraw.[1] We affirm the trial court's order but defer ruling on counsel's motion to withdraw.

SS is the mother of PS. Born in November 2020, the infant experienced both gastrointestinal and drug withdrawal symptoms as a consequence of having been exposed to methamphetamine in utero. SS admitted to having used methamphetamine

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

while pregnant with PS. The Department removed PS from his mother's custody and placed him in a foster home.

Though a service plan was in place, SS failed to avail herself of the resources made available to address her drug addiction and improve her parenting skills. She refused to submit to drug testing multiple times and inhibited the Department's ability to perform a safety assessment by refusing its entry to her residence multiple times.

In September 2021, SS was ordered to submit to drug screening, the result of which yielded positive results for methamphetamine. Later, she was arrested as a result of a traffic stop; marijuana and drug paraphernalia were found in her possession. So too was it discovered that she operated the vehicle without a license. Other evidence of record revealed that (1) her contact with PS was sporadic and (2) she failed to maintain stable and appropriate housing and employment.

At end of trial, the trial court terminated SS's parental rights to PS on several grounds, including subsection (E) of § 161.001(b)(1) of the Texas Family Code. Thereafter, she timely perfected an appeal and received appointed counsel. Again, the latter filed an *Anders* brief after failing to uncover any arguable issues meriting review.

The procedures set forth in *Anders v. California*, pertaining to a non-meritorious appeal of a criminal conviction, apply to the appeal of an order terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (per curiam). The brief filed by appointed counsel here meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the termination order. So too did counsel move to withdraw, provide SS with copies of the brief and appellate record, and notify her of her right to file

2

a pro se response if she cared to*. Id.* By letter, this Court also notified SS of the *Anders* situation and granted her opportunity to file, by August 10, 2022, a response to counsel's motion and brief.  No response has been filed to date.

We also independently examined the entire record to determine,  per *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) (en banc), whether there were any arguable issues warranting development.  None were found.  Rather, our analysis both confirmed counsel's representation and led us to conclude that clear and convincing evidence supported the trial court's finding under subsection (E).[2]  TEX. FAM. CODE. ANN. § 161.001(b)(1)(E) (permitting termination when clear and convincing evidence shows that the parent engaged in conduct or knowingly placed the children with persons who engaged in conduct endangering the children's physical or emotional well-being).  The litany of evidence described earlier in the opinion required that conclusion.  We reiterate that evidence as (1) SS's use of methamphetamine while pregnant with PS, (2) PS having been born with methamphetamine in his system, (3) PS experiencing physical distress and withdrawal from exposure to the controlled substance, (4) SS's refusal to submit to drug testing, (5) SS's failure to comply with the requirements of the service plan, (6) SS's failure to maintain gainful employment and suitable housing, (7) SS's continued use of methamphetamine, (8) her continuing criminal conduct related to drug possession, and (9) her failure to engage in productive and consistent visits with PS.  *See In re M.M.*, No. 07-19-00324-CV, 2020 Tex. App. LEXIS 2203, at *10–11 (Tex. App.—Amarillo Mar. 16,

---

[2] Our independent review included a specific examination of the evidence supporting termination under subsection (E).  *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam) (observing that due process requires appellate review of evidence supporting grounds for termination under § 161.001(b)(1)(D) or (E) even when another ground for termination is sufficient due to the potential collateral consequences of findings under those subsections).

2020, pet. denied) (mem. op.) (noting that the decision to engage in illegal drug use during the pendency of a termination suit, when the parent is at risk of losing a child, supports a finding that the parent engaged in conduct that endangered the child's physical or emotional well-being); *In re T.C.*, No. 07-18-00232-CV, 2018 Tex. App. LEXIS 6768, at *7 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.) (stating that "[d]rug use is also a course of endangering conduct and a parent bears the responsibility to guard against potential dangers to a child"); *In re S.M.L.D.*, 150 S.W.3d 754, 757–58 (Tex. App.—Amarillo 2004, no pet.) (upholding termination under (E) because mother's "ingestion of drugs while pregnant . . . brought about actual physical harm to the infant" since the child suffered symptoms of withdrawal upon birth).

Having examined the entire record, we agree with counsel that the record presents no meritorious grounds for reversal. We affirm the judgment of the trial court terminating SS's parental relationship with PS. Due to counsel's continuing responsibility to her client, we take no action on her motion to withdraw.[3]

Brian Quinn
Chief Justice

---

[3] An *Anders* motion to withdraw filed in the court of appeals may be premature. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id.* In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court.