

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00074-CV
No. 07-23-00076-CV

IN THE INTEREST OF T.R. AND T.R., CHILDREN
IN THE INTEREST OF T.R., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 96,552-E-FM & 87,890-E-FM, Honorable Carry Baker, Presiding

May 19, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is an appeal from a final order terminating the parental relationship between biological mother DH and three of her children, TR 2007, TR 2009, and TR 2012.[1] The trial court based termination on mother's voluntary execution of an irrevocable affidavit of relinquishment. Her appointed counsel filed an *Anders*[2] brief and moved to withdraw. We affirm.

---

[1] Because the children have the same initials, we differentiate between them by adding their respective year of birth to those initials.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Again, the trial court terminated mother's rights based on her affidavits of voluntary relinquishment. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K). It also found that such termination was in the best interests of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

Pursuant to *Anders*, mother's court-appointed appellate counsel filed a brief. Therein, he explained that, after conducting a diligent review of the record and law, no arguable issue existed warranting the appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc); *In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (procedures set forth in *Anders v. California* are applicable to appeals of orders terminating parental rights). By letter, we informed mother of her right to file a *pro se* response to her counsel's *Anders* brief and motion to withdraw. *See In re Schulman*, 252 S.W.3d at 409.

Mother filed a response and asserted therein that she felt pressured to sign the affidavits of relinquishment. A "direct or collateral attack on an order terminating parental rights based on an unrevoked affidavit of relinquishment of parental rights or affidavit of waiver of interest in a child is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit." *In re N.A.O.*, No. 07-21-00247-CV, 2022 Tex. App. LEXIS 1203, at *3-5 (Tex. App.—Amarillo Feb. 18, 2022, no pet.) (mem. op.); TEX. FAM. CODE ANN. § 161.211(c). Appellate counsel addressed her comment about feeling pressured and explained why no competent evidence of record supported reversal. Feeling "pressure" alone or even if coupled with emotional stress does not equate fraud, duress, or coercion. *In re C.D.*, No. 12-21-00045-CV, 2021 Tex. App. LEXIS 7617, at *12 (Tex.

2

App.—Tyler Sept. 15, 2021, pet. denied) (mem. op.). And, our review of the record uncovered no evidence suggesting fraud, duress, or coercion. Nor did it reveal some other arguable ground supporting an appeal. *See In re E.J.H.*, No. 07-22-00074-CV, 2022 Tex. App. LEXIS 4465, at \*3 (Tex. App.—Amarillo June 29, 2022, no pet.) (mem. op.) (discussing the obligation of the court to conduct its own search for arguable issues).

Finding no arguable issue for review, we affirm the trial court's judgment terminating mother's parental rights to TR 2007, TR 2009, and TR 2012 but take no action on the motion to withdraw.[3]

Brian Quinn
Chief Justice

---

[3] An *Anders* motion to withdraw filed in the court of appeals, in the absence of additional grounds for withdrawal, may be premature. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Courts have a duty to see that withdrawal of counsel will not result in prejudice to the client. *Id*. In light of *In re P.M.*, we call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review in the Texas Supreme Court.