

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00218-CV

---

**IN THE INTEREST OF R.G., A.G., AND V.G., CHILDREN**

---

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 81030-L1, Honorable James Anderson, Presiding

---

October 13, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pending before us are the appeals of mother and father of RG, AG, and VG from the trial court's order terminating their respective rights to their children. In her sole issue on appeal, mother contends the evidence is legally and factually insufficient to support the trial court's best-interest finding. Father's court-appointed attorney filed a motion to withdraw supported by an *Anders*[1] brief, stating that he did not find any arguable issues to present on appeal. We affirm.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

*Background*

Three children are involved in the pending matter. RG was eight years old at the time of the final hearing, AG was two and a half, and VG was one. AG and VG suffered from medical issues, VG's being the more extensive. The Texas Department of Family and Protective Services became involved with the family after it came to its attention that the family was living in a van and in various motels. There were allegations of neglect, drug use, and potential domestic violence. RG and AG were placed with their paternal grandparents.

At the time of the removal, mother was pregnant with VG. When she went into labor, mother and father collected RG and AG from the grandparents and took them to the hospital. It was believed the family would return to their previous living environment upon leaving the hospital. Consequently, the children were removed from their parents' care. RG and AG returned to their grandparents' home while VG was placed in foster care.

RG does not have any special needs. AG had medical needs that have now been resolved through two surgeries. VG has continuing special needs. He suffers from cerebral palsy, uses a feeding tube, requires speech therapy, and functions as a two-month-old despite being over a year old. All three children are doing very well in their placements and each family has indicated a desire to adopt. RG's schoolwork also improved once placed with grandparents.

Evidence at trial showed mother failed to complete the services required to secure return of her children to her care. She also did not maintain stable employment or housing and refused to permanently separate from the father of the children. She and father also

2

failed to pursue the opportunity to live in free housing. Mother had no plan for caring for her children if returned, particularly VG and his extensive needs. Furthermore, mother did not take advantage of programs and services offered to her, and drug screens indicated her continued use of illegal substances.

Father demonstrated an inability to 1) obtain stable employment and housing and 2) to meet his children's needs. Other evidence revealed that the motel rooms in which the family lived were dirty and strewn with dirty clothes, empty food containers, trash, and alcohol bottles. Father similarly continued to use illegal substances during the pendency of the case and failed to complete the services required of him. He too failed to avail himself of services offered to assist his family.

After hearing the evidence, the trial court terminated both mother's and father's parental rights under Family Code sections 161.001(b)(1)(D), (E), and (N) and found termination to be in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), and (N); § 161.001(b)(2). The district court sustained the findings upon de novo review.

### Mother's Appeal

Mother does not challenge the predicate grounds on which the trial court terminated her rights. Rather, she challenges only the evidence supporting the trial court's finding that termination of her rights was in her children's best interest. We overrule the issue.

The standards for reviewing the legal and factual sufficiency of the evidence in termination cases are well-established and described in *In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002) and *In re K.M.L.*, 443 S.W.3d 101 (Tex. 2014). We apply them here.

3

A determination of best interest necessitates focus on the child, not the parent. *In re S.B.*, 597 S.W.3d 571, 585 (Tex. App.—Amarillo 2020, pet. denied). While examining the record, courts consider the various non-exclusive factors itemized in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). They also guide our decision here. Additionally, the Department need not prove all of them, especially when the evidence illustrates that the parental relationship endangered the safety of the child. *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). Moreover, evidence supporting one or more statutory grounds for termination may also reflect on the child's best interest. *See In re T.C.*, Nos. 07-18-00080-CV, 07-18-00081-CV, 2018 Tex. App. LEXIS 6769, at *12-13 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.) That said, we turn to the record before us.

Mother acknowledges she lacks stable employment and housing and admits her refusal to separate from father. Other evidence of importance includes 1) her failure to complete services, 2) her drug use during pendency of the case, 3) her failure to address RG's dental and AG's medical needs, 4) her lack of a plan to care for any of the children, especially VG, 5) those needs of RG and AG being addressed since removal of the children, 6) RG's improvement in attitude, appearance, and school performance since removal, 7) the adverse and dirty family living conditions before removal, 8) RG and AG having bonded with their grandparents who are interested in adopting them, 9) VG's improvement since being placed in foster care with a family who wishes to adopt, and 10) neither parent maintaining contact with the children. Together, and despite considering contradictory evidence, it permits a reasonable factfinder to form a firm conviction and belief that termination was in the best interests of the children. *See In re J.P.B.*, 180

4

S.W.3d 570, 573 (Tex. 2005) (describing legal sufficiency standard); *see also In re C.H.*, 89 S.W.3d 17, 19 (Tex. 2002) (describing factual sufficiency standard).

### Father's Appeal

As noted earlier, father's appellate counsel filed an *Ander's* brief noting the presence of no arguable issues for appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see also In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (stating that the procedures set forth in *Anders* are applicable to appeals from termination orders). So too did counsel move to withdraw. In proffering these items, counsel certified that his opinion about the meritoriousness of the appeal was based on a conscientious examination of the record. Counsel also revealed that he 1) provided a copy of the *Ander's* brief to father, 2) provided a copy of the appellate record to father, and 3) notified father of his right to file a pro se response. *Id.* By letter, this Court also informed father of his right to file a response by September 11, 2023. To date, none has been received by the court.

So too did we independently examined the entire record for arguable issues supporting an appeal. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (noting the court's obligation to do that). None were found. This court also reviewed the record to determine whether evidence, both legally and factually, supported the trial court's finding that father endangered the children under § 161.001(b)(1)(D) and (E) of the Texas Family Code. Such evidence was found and includes, but is not limited to, that discussed under the topic "Background." Thus, we agree with counsel there is no

5

plausible basis for reversal and affirm the trial court's order terminating the parent-child relationship between father and RG, AG, and VG.[2]

***Conclusion***

Having overruled mother's sole issue and having held that nothing in the record arguably supports father's appeal, we affirm the trial court's termination order.


Brian Quinn
Chief Justice

---

[2] We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (explaining that duty).