

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00082-CV

IN THE INTEREST OF J.H., A CHILD

On Appeal from the County Court at Law Number 2
Randall County, Texas
Trial Court No. 83427-L2, Honorable Matthew C. Martindale, Presiding

May 15, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

The father of JH appeals the trial court's judgment terminating his parental rights. His court-appointed attorney filed a motion to withdraw supported by an *Anders* brief.[1] Through the latter, he represents that the appeal is frivolous. We affirm.

### Background

The Texas Department of Family and Protective Services first became involved with JH after law enforcement responded to a report of a domestic disturbance involving JH's mother during which JH was present. Father was not present then or for any other

---

[1] *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

significant time during JH's life. He was incarcerated and released. Yet, he was re-incarcerated during the pendency of the case, having been convicted (in March 2024) of assault involving family violence. The trial court pronounced a four-year sentence related to that conviction. He remained incarcerated at the time of the final and de novo hearings. Though he maintains he *may* be released in October 2025, he may remain incarcerated until January 2028, given the sentences imposed for the felony offenses he committed.

Once father was determined to be the biological father of JH, the Department established a service plan for him and tried to maintain contact with father, a task complicated by transfers made within the prison system. It appears from the record that father made no attempts to contact JH and had not seen JH since before she was one year old. While father remained incarcerated, JH, not quite four years old at the time of trial, was in the care and custody of a foster family who were meeting her needs and addressing trauma-related behavioral problems. The foster mother expressed a desire to adopt JH.

Ultimately, the trial court terminated father's rights under subsections N, O, and Q of § 161.001(b)(1) and found that termination was in the best interest of JH. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)–(2). The parental rights of JH's mother were also terminated, but she has not appealed.

### *Analysis*

As noted, counsel filed an *Anders* brief noting the presence of no arguable issues for appeal. *See Anders*, 386 U.S. at 744; *see also In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (stating that the procedures set forth in *Anders* are applicable to appeals from termination orders). So too did counsel move to withdraw. In

2

proffering the brief and motion, counsel certified that his opinion about the meritoriousness of the appeal was based on a conscientious examination of the record. Counsel also revealed that he 1) provided a copy of the *Anders* brief to father, 2) provided a copy of the appellate record to father, and 3) notified father of his right to file a pro se response. By letter, this court also informed father of his right to file a response by May 14, 2025. To date, none has been received by the court.

We independently examined the entire record for arguable issues supporting an appeal and found none. *See In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (noting the court's obligation to conduct such examination). Accordingly, we affirm the trial court's order terminating the parent-child relationship between father and JH.[2]

Brian Quinn
Chief Justice

---

[2] We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (explaining that duty).